DECISION AND JOURNAL ENTRY
Appellant-defendant William J. Davenport appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
On April 9, 1998, the Summit County Grand Jury issued a supplemental indictment against Davenport, charging him with the following crimes: one count of having a weapon while under disability, a violation of R.C.2923.13(A)(3); one count of no operator's license, a violation of R.C.4507.02(A); and one count of possession of marijuana, a violation of R.C. 2925.11(A).[1] Davenport initially pled not guilty to the charges against him. Subsequently, on May 14, 1998, the trial court journalized the state of Ohio's dismissal of the no operator's license count and the possession of marijuana count. On August 11, 1998, however, a second supplemental indictment was issued; this indictment charged Davenport with one count of possession of cocaine, a violation of R.C. 2925.11(A), and one count of possession of marijuana, a violation of R.C. 2925.11(A). Davenport also pled not guilty to these charges.
Separate trials were scheduled, with separate judges handling the disposition of the charges contained in each supplemental indictment. Those charges set forth in the second supplemental indictment were tried before a jury in October 1998. The jury found that Davenport was guilty of both counts. Davenport subsequently pled guilty to the remaining having a weapon while under disability count from the first supplemental indictment. Thereafter, on December 3, 1998, the trial court journalized an entry in which Davenport was sentenced to one year incarceration on the having a weapon while under disability count; this sentence was to be served consecutive to the sentences related to the second supplemental indictment convictions. One December 8, 1998, the trial court then journalized an entry in which it found Davenport guilty of the possession of cocaine count and the possession of marijuana count. The trial court proceeded to sentence Davenport to one year incarceration for the possession of cocaine conviction and to pay the costs of the prosecution for the possession of marijuana conviction.[2]
Davenport timely filed notices of appeal from both sentencing entries on December 30, 1998. Because of their interrelated nature, this Court consolidated the two appeals on April 21, 1999. The consolidated appeals present two assignments of error.[3]
 Assignment of Error No. I APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AS WELL AS AMENDMENT I, §§ 10 AND 16 OF THE OHIO CONSTITUTION.
 In his first assignment of error, Davenport contends that counsel's failure to file a suppression motion, a motion for judgment of acquittal, and object to testimony concerning his past drug convictions and outstanding warrants amounts to ineffective assistance of counsel.
 Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052, sets forth the two-part standard for determining when a conviction must be reversed upon a claim of ineffective assistance of counsel:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
 Id. at 687, 80 L.Ed.2d at 693. In demonstrating prejudice to the defense, Davenport must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. See, also, State v. Seiber (1990), 56 Ohio St.3d 4, 11. Applying the Strickland
standard to the case at bar, Davenport neither establishes a deficiency in his trial counsel's performance nor that there exists a reasonable probability that the outcome of his trial would have been different but for his counsel's deficient performance.
Courts must use extreme caution when determining whether counsel's performance was deficient and such judicial scrutiny must be highly deferential. State v. Gott (Dec. 22, 1993), Lorain App. No. 93CA005560, unreported. "[T]he court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstance, the challenged action `might be considered sound trial strategy.'" Id., quoting State v. Frazier (1991), 61 Ohio St.3d 247,253, 574 N.E.2d 483, quoting Strickland, supra, at 689,80 L.Ed.2d at 694. In Gott, this Court found that trial counsel's voluntary admission of the defendant's prior conviction for gross sexual imposition was within the realm of sound trial tactics and thus did not constitute ineffective assistance of counsel. Gott, supra. It is well settled that "trial counsel's failure to make objections are `within the realm of trial tactics' and do not establish ineffective assistance of counsel."State v. McCroskey (Apr. 2, 1997), Wayne App. No. 96CA0026, unreported, quoting State v. Hunt (1984), 20 Ohio App.3d 310, 311. Accordingly, absent a showing that his trial counsel's performance fell below the standard of reasonable professional representation resulting in prejudice to Davenport, there exists no claim for ineffective assistance of counsel.
A trial counsel's failure to file a suppression motion does not constitute ineffective assistance of counsel per se. State v. Lester
(1998), 126 Ohio App.3d 1, 6. The party asserting such a claim must demonstrate that the failure to file a motion to suppress caused him prejudice. Id. Counsel is not required to file a meritless motion simply for sake of placing it on the record to avoid a charge of ineffective counsel. State v. Robinson (1996), 108 Ohio App.3d 428,433. Davenport has failed to meet his burden here. In fact, Davenport has failed to even allege any factual or legal basis for filing a motion to suppress. A review of the record nonetheless, clearly demonstrates the filing of such a motion would have been pointless.
Testimony at trial was that in the early morning hours of August 4, 1998, officers noticed Davenport's car parked crossways on diagonal parking lines. Officers decided to check on Davenport who was slouched over in his car. Davenport clutched the keys to the car in his hand and had them partially inserted into the ignition.
Upon awakening Davenport the officers noticed that his eyes were glassed over and bloodshot. His speech was slurred and his movement was sluggish. Police asked Davenport for identification, and upon checking Davenport's social security number, discovered he had two outstanding warrants. Davenport was then placed under arrest. As one of the officers was searching Davenport incident to his arrest, he discovered seventeen (17) rocks of crack cocaine in Davenport's left front pocket.
Another officer at the same time inventoried the car prior to its tow and discovered several small bags of marijuana in the glove compartment. Davenport told the officers that the drugs belonged to him.
Based on this evidence, trial counsel did not err in not filing a suppression motion as the drugs were lawfully found pursuant to a search incident to an arrest and an inventory search. United States v. Robinson
(1973), 414 U.S. 218; State v. Mesa (1999), 87 Ohio St.3d 105.
Moreover, counsel is not required to file a baseless motion for acquittal. State v. Robinson, supra. Here, the officers found crack cocaine in Davenport's pocket and marijuana in his car's glove compartment. Davenport admitted to the officers that the drugs belonged to him. Clearly this evidence was sufficient so that reasonable minds could differ as to whether each element of the crime was proved. Statev. Bridgeman (1978) 55 Ohio St.2d 261, syllabus. Therefore, the failure to file the motion for acquittal was not prejudicial.
Finally, in regard to Davenport's arguments that trial counsel was ineffective for not objecting to testimony regarding Davenport's outstanding warrants and prior drug convictions, it is clear from the record that the failure to object was all part of counsel's trial strategy. Counsel's strategy at trial was to prove that the cocaine and marijuana were for personal use under R.C. 2925.11(F) in an effort to obtain a conviction of a misdemeanor or a lesser degree of felony.[4]
With the overwhelming evidence against Davenport, this Court cannot find that trial counsel erred in trying to obtain a conviction of a lesser offense. In order to prove the drugs were for personal use, Davenport took the stand, admitted he possessed cocaine and marijuana on August 4, 1998, and testified that they were for his personal use because he was a drug addict. Under this theory, there is no reason to object to the admission of testimony regarding his outstanding warrants for possession of marijuana and his prior drug convictions as this evidence could possibly further his "personal use" defense.
In sum, Davenport has not demonstrated that his trial counsel was ineffective. Accordingly, Davenport's first assignment of error is overruled.
 Assignment of Error No. II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO A CONSECUTIVE MAXIMUM PRISON TERM.
 Davenport argues in his second assignment of error that the trial court erred by sentencing him to a maximum sentence for having a weapon while under disability. Specifically, he avers that "the trial court failed to adequately state on the record pursuant to [R.C.] 2929.14(B) valid reasons for imposing more than the minimum sentence and there was no `clear and convincing' evidence to support the trial court's conclusions." Davenport also argues that the trial court punished him for exercising his right to a jury trial on the possession of cocaine charge. This Court disagrees.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: (1) the defendant committed the worst form of the offense; (2) the defendant poses the greatest likelihood of committing future crimes; (3) the defendant is a major drug offender of the type set forth in R.C.2929.14(D)(3); or (4) the defendant is a repeat violent offender of the type set forth in R.C. 2929.14(D)(2). R.C. 2929.19(B)(2)(d) also mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C. 2929.14(A), the court must give its reasons for that decision.
Similarly, under R.C. 2929.14(E)(4), a trial court may impose consecutive sentences upon a defendant if the following conditions are met:
 [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 R.C. 2929.19(B)(2)(c) requires that a trial court give its reasons for imposing consecutive sentences under R.C. 2929.14.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio explained that "the verb `finds' as used in [R.C. 2929.14(B)] means that the court must note that it engaged in the analysis and that [the sentence was imposed] for at least one of the [enumerated] sanctioned reasons." Id. at 326. Accordingly, this Court has previously held that "[u]nder Edmonson, a sentencing court must make the required findings for deviation under R.C. 2929.14." State v. Eden (Nov. 17, 1999), Lorain App. No. 97CA006991, unreported, citing Edmonson, supra, at 328, 329.
In the instant case, the transcript of the sentencing proceedings reveals that the trial court stated:
 I find that you pose the greatest likelihood of committing future crimes. I also find consecutive terms are necessary to protect the public and punish the offender, it is not disproportionate, and the danger in which the defendant and the defendant's criminal history shows, it needs to protect the public.
 Therefore, the record clearly indicates that the trial court made the required findings mandated by R.C. 2929.14(B) and (E).
Finally, in regard to Davenport's assertion that there was no clear and convincing evidence to support the trial court's conclusions, this Court cannot find the trial court abused its discretion. The record demonstrates that Davenport has a criminal history relating back as far as 1991, for various drug offenses, receiving stolen property, theft, and aggravated robbery. Defendant had been sentenced to prison previously and had just been sentenced to one year in prison for the possession of cocaine conviction.
Davenport's final argument is that the trial court punished him for exercising his right to a jury trial on the possession of cocaine charge. Although this Court agrees that a trial court is prohibited from giving a defendant a greater sentence for exercising his right to trial or refusing to enter into a plea agreement, State v. O'Dell (1989),45 Ohio St.3d 140, paragraph 2 of the syllabus, nothing in the record demonstrates the trial court punished Davenport for going to trial. In fact, the only trial Davenport had was on the unrelated charge of possession of cocaine, which was held in front of a different judge. Davenport did not exercise his right to a jury trial on the charge of having weapon while under disability, but pled guilty to the charge pursuant to a plea arrangement. Therefore, this Court finds no error in the trial court's sentencing and Davenport's second assignment of error is overruled.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J. CONCUR
[1] The original six-count indictment has not been forwarded to this Court as part of the official record on appeal.
[2] Although Davenport's sentence for possession of cocaine and marijuana was not journalized until December 8, 1998, it is clear from the record that Davenport had already been sentenced to one year in prison on the possession of cocaine charge prior to being sentenced on the weapon under disability charge.
[3] The first assigned error pertains to App. No. 19419, while the second assigned error pertains to App. No. 19420. Although Davenport did not utilize such consecutive numbering in his separate appellate briefs, this Court has numbered the assigned errors for organizational purposes.
[4] R.C. 2925.11(F) provides that: [i]t is an affirmative defense, as provided in section 2901.05 of the Revised Code, to a charge of a fourth degree felony violation under this section that the controlled substance that gave rise to the charge is in an amount, is in a form, is prepared, compounded, or mixed with substances that are not controlled substances in a manner, or is possessed under any other circumstances, that indicate that the substance was possessed solely for personal use.