The STATE of Ohio, Appellee,

v.

LESTER, Appellant.

[Cite as *State v. Lester* (1998), 126 Ohio App.3d 1.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA97–05–019.

Decided March 9, 1998.

2

*Stephen J. Pronai*, Madison County Prosecuting Attorney, and *Daniel H. Huston*, Assistant Prosecuting Attorney, for appellee.

*Richard A. Dunkle*, for appellant.

---

POWELL, Presiding Judge.

Defendant-appellant, Frederick R. Lester, appeals a conviction entered upon a jury verdict in the Madison County Court of Common Pleas on May 15, 1997. Appellant was found guilty of burglary, which is a violation of R.C. 2911.12(A)(3). We affirm.

4

Peggy Goodrich lived at 19 Fairview in London, Ohio. On June 20, 1995, Goodrich had fallen asleep on the couch in her living room with her children after watching movies. At approximately 5:30 A.M., Goodrich awoke to find a man coming through the window above the couch. Goodrich testified that the man saw her wake up, and then "shot back out the window." Goodrich also testified that she tried to grab him, but he was "just too fast." Goodrich was only able to describe the man as having a dark complexion and dark hair, and wearing dark clothes.

After the man fled, Goodrich noticed that a box fan that she had placed in the window had been moved onto a table at the side of the couch. Goodrich called the police, and the police arrived and began investigating the crime scene. The police dusted the window and the fan for fingerprints. Goodrich testified that because of prior problems with break-ins to her apartment, the police had previously instructed her to consistently wipe everything clean. The police told her to do this so if another break-in occurred, they would be able to get a clear fingerprint.

Ken Reffitt, a patrolman for the London Police Department, testified that he found fingerprints on the window and the fan. He also testified that the fingerprints were "good latent lifts * * * easy to classify, easy to compare" and "appeared to be extremely fresh" at the time he found them. He further testified that the fingerprint pattern on the screen was characteristic of a person lifting the screen from the outside. Goodrich gave the police a list of individuals she suspected of committing the burglary. A comparison of those individuals' fingerprints against the set of fingerprints found at the crime scene revealed no matches.

Approximately ten months later, a burglary occurred at 7 Fairfield. The police investigating that burglary noticed that a set of footprints could be seen running from 7 Fairfield to 21 Fairfield. 21 Fairfield was appellant's residence at that time. Because of the similarity and proximity of this burglary to Goodrich's burglary at 19 Fairfield, the police decided to compare appellant's fingerprints with the fingerprints found at Goodrich's residence. Russell McSeveny, a latent fingerprint examiner at the Ohio Bureau of Criminal Investigations testified that the fingerprints found at Goodrich's residence matched appellant's fingerprint card. Goodrich testified that she had no knowledge of appellant ever being inside her apartment.

Appellant was picked up by London Police and brought to the police station for questioning. Appellant was given a *Miranda* warning, and signed a waiver-of-rights form. David Litchfield, a police sergeant for London, Ohio, testified that he interviewed appellant and that appellant stated that he broke into Goodrich's house for money. Appellant also told Litchfield that he did not have the chance

to find anything valuable in the house because Goodrich "had woken up as soon as he got in the window." Litchfield further testified that as far as he knew, the only people that knew that Goodrich had been startled when the intruder came through the window were Goodrich and the police.

Following a jury trial, appellant was found guilty of burglary, a violation of R.C. 2911.12(A)(3). Appellant appeals and presents four assignments of error.

Assignment of Error No. 1:

"Defendant was prevented from having a fair trial by ineffective assistance of counsel in that trial counsel failed to file a motion to suppress his confession from evidence."

Appellant argues that his trial counsel was ineffective because he did not file a motion to suppress appellant's confession made to police during interrogation. Appellant claims that the confession should have been suppressed because he did not receive proper *Miranda* warnings. Appellant contends that he was interrogated at two separate times, which required a *Miranda* warning at both interrogations. Appellant's confession occurred during the second interrogation session.

On a claim of ineffective assistance of counsel, "we examine counsel's performance under the standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674." *State v. Reynolds* (1998), 80 Ohio St.3d 670, 674, 687 N.E.2d 1358, 1365.

"Reversal of a conviction or sentence based upon ineffective assistance requires (1) deficient performance: errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment of the Constitution, and (2) prejudice: errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *State v. Crane* (July 7, 1997), Butler App. No. CA96–12–257, unreported, at 6–7, 1997 WL 381752, following *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693, and *State v. Ballew* (1996), 76 Ohio St.3d 244, 255, 667 N.E.2d 369, 380.

Questions involving the effectiveness of counsel should be viewed in light of the compelling evidence against the defendant. *State v. Hill* (1996), 75 Ohio St.3d 195, 211–212, 661 N.E.2d 1068, 1083–1084, The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation. *In re Hannah* (1995), 106 Ohio App.3d 766, 769, 667 N.E.2d 76, 78. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

6

■■ Trial counsel's failure to file a suppression motion does not *per se* constitute ineffective assistance of counsel. *State v. Shanafelt–Esper* (Dec. 31, 1997), Washington App. No. 96CA22, unreported, at 7. "The Sixth Amendment right to effective assistance of counsel does not require defense counsel to file a motion to suppress evidence where none of the defendant's constitutional rights were violated." *State v. Frazier* (Nov. 25, 1996), Butler App. No. CA96–02–023, unreported, at 7, 1996 WL 679700. The party asserting an ineffective-assistance claim must first demonstrate that the failure to file such a motion caused him prejudice. *Shanafelt–Esper*, at 7.

■ In determining whether *Miranda* warnings became so stale as to dilute their effectiveness because of a significant lapse in the process of interrogation, the following totality-of-the-circumstances criteria should be considered: (1) the length of time between the giving of the first warnings and subsequent interrogation, (2) whether the warnings and the subsequent interrogation were given in the same or different places, (3) whether the warnings were given and the subsequent interrogation conducted by the same or different officers, (4) the extent to which the subsequent statement differed from any previous statements, and (5) the apparent intellectual and emotional state of the suspect. *State v. Roberts* (1987), 32 Ohio St.3d 225, 232, 513 N.E.2d 720, 725–726, following *State v. McZorn* (1975), 288 N.C. 417, 434, 219 S.E.2d 201, 212.

■ In the present case, Litchfield testified that appellant was taken into custody on April 19, 1996 after it was discovered that appellant's fingerprints matched the fingerprints lifted from Goodrich's apartment. Appellant was advised of his *Miranda* rights, and appellant signed a waiver form. The interrogation was conducted at the London Police Department by Litchfield. While there was a break in the interrogation, the record does not contain details concerning the length of the break. The record does show that appellant did not leave the interrogation room, appellant was provided with lunch during the break, and Litchfield questioned appellant both before and after the break. Litchfield further testified that before he left, he told appellant that they would "continue our conversation." Litchfield also testified that he made sure that appellant was able to comprehend the waiver form, and that he was not under the influence of alcohol or drugs.

■ After having reviewed the record, and considering the totality-of-the-circumstances criteria set forth in *Roberts*, we find that the *Miranda* warnings did not become stale because of the break .in the interrogation. Therefore, appellant was not prejudiced by counsel failing to file a motion to suppress because the motion would have been frivolous. Appellant's first assignment of error is overruled.

Assignment of Error No. 4:

"Defendant was prevented from having a fair trial in that trial counsel failed to object with respect to allowing a state witness to testify against defendant as to an act he allegedly committed, under the 'similar acts' statute."

Appellant contends that his trial counsel should have objected to testimony offered by Litchfield concerning other crimes. Litchfield testified that an investigation of a burglary at 7 Fairfield led to considering appellant as a suspect in the burglary of Goodrich's apartment at 19 Fairfield ten months earlier.

Even if we found that trial counsel should have objected, appellant is required to show prejudice. *State v. Reynolds* (1998), 80 Ohio St.3d 670, 679, 687 N.E.2d 1358, 1369. Since there is no reasonable probability that the outcome of the trial would have been different when considering counsel's alleged error and also the rest of the evidence presented against appellant, we find that the failure to object does not rise to the level of ineffective assistance of counsel. *Id.* Appellant's fourth assignment of error is overruled.

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant in overruling defendant's objection to the mischaracterizations, inferences based upon facts outside the evidence, and opinions as to the credibility of witnesses, stated by the prosecution, during its closing statement."

Assignment of Error No. 3:

"Defendant was prevented from having a fair trial by ineffective assistance of counsel in that trial counsel failed to object to mischaracterizations, inferences based upon facts outside the evidence, and opinions as to the credibility of witnesses, stated by the prosecution, during closing statement."

We review appellant's second and third assignments of error together because they both involve alleged prosecutorial misconduct during closing argument. Appellant argues in his second assignment that the trial court erred in overruling appellant counsel's objection to improper closing remarks, and appellant argues in his third assignment that his counsel was ineffective for failing to object to improper closing remarks. Appellant specifically contends that the prosecutor improperly commented on (1) appellant counsel's cross-examination of Goodrich, (2) the credibility of appellant's testimony, and (3) appellant counsel's attacks on Litchfield's credibility.

"The test regarding prosecutorial misconduct in closing argument is whether the remarks are improper and, if so, whether they prejudicially affected the substantive rights of the accused." *State v. Moore* (1998), 81 Ohio St.3d 22, 33, 689 N.E.2d 1, 13, following *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR

317, 318–319, 470 N.E.2d 883, 885. The proper standard in showing prejudice is that appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *State v. Loza* (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082, 1105–1106, Prosecutors are given wide latitude in closing argument. *State v. Davis* (1996), 76 Ohio St.3d 107, 119, 666 N.E.2d 1099, 1110. The closing argument must be viewed in its entirety to determine if appellant was prejudiced. *State v. Ballew*, 76 Ohio St.3d at 255, 667 N.E.2d at 380.

Further, failure to object to alleged improper statements made by a prosecutor during closing arguments waives all but plain error. *Id.* at 255, 667 N.E.2d at 380. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.

The record shows that the prosecution in its closing argument responded to issues of credibility raised by appellant's counsel throughout the trial. Appellant's counsel had attempted to impugn the credibility of Goodrich and Litchfield by including issues of racial prejudice and police misconduct. After having reviewed the prosecutor's complete closing argument, we find that appellant was not prejudiced by the alleged improper remarks. Appellant has not demonstrated that (1) a reasonable probability exists that but for appellant's counsel's errors, the result of the proceedings would have been different, and (2) the outcome of the trial would clearly have been otherwise.

Even if the prosecutor's comments could be found improper, the jury was given proper instructions by the judge on what factors they should consider when deciding the case, and we must assume that the jurors followed the court's instructions. *State v. Bailey* (June 9, 1997), Preble App. No. CA96–12–020, unreported, at 10, 1997 WL 311597, following *State v. Loza*, 71 Ohio St.3d at 79, 641 N.E.2d at 1102–1103. Accordingly, appellant's second and third assignments of error are overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.