OPINION
Defendant, Terrence Brooks, was indicted on one count of Aggravated Robbery with an accompanying firearm specification. Prior to trial, Brooks moved to suppress incriminating statements he had made to police. The trial court overruled that motion following a hearing. Brooks was subsequently found guilty by a jury and was convicted of Robbery in violation of R.C.2911.02(A)(2). He was sentenced to four years imprisonment.
Brooks timely filed a notice of appeal to this court. His appellate counsel filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, certifying that a review of the record had failed to reveal any meritorious issue for appellate review. We notified Brooks of his appellate counsel's representations, and allowed him sufficient time to respond pro se. No response has been received.
In his Anders brief, Brooks' appellate counsel makes reference to three potential issues which might arguably support an appeal.
Appellate counsel first suggests that the trial court might have suppressed Brooks' incriminating statements to police because they had failed to repeat the Miranda warnings to Brooks before resuming their questioning of him following a twenty minute interruption in the interrogation process.
The evidence introduced at the suppression hearing demonstrates that, prior to questioning Brooks at the police station, Detective Martinez advised Brooks of his Miranda rights. Brooks acknowledged that he understood his rights and executed a written waiver. Questioning of Brooks then began at approximately 10:00 a.m.
Brooks initially denied any involvement in the robbery. At some point during the interview process, Detective Martinez took a break in the questioning of Brooks and left the interview room where Brooks was located to talk to Brooks' girlfriend, who had accompanied Brooks to the police station. Detective Martinez returned twenty minutes later, and without re-advising Brooks of his Miranda rights resumed her questioning. Brooks gave a handwriting sample and shortly thereafter confessing to this crime. When Detective Martinez showed Brooks the note which the robber had passed and asked Brooks if he wrote that note, Brooks stated, "I did it." The questioning of Brooks was concluded by 12:00 noon.
In determining whether Miranda warnings have become so stale as to lose their effectiveness because of a significant lapse in the interrogation process, courts should consider:
 (1) the length of time between the giving of the first warnings and subsequent interrogation, (2) whether the warnings and the subsequent interrogations were given in the same or different places, (3) whether the warnings were given and the subsequent interrogation conducted by the same or different officers, (4) the extent to which the subsequent statement differed from any previous statements, and (5) the apparent intellectual and emotional state of the suspect.
State v. Roberts (1987), 32 Ohio St.3d 225.
Considering these factors in light of the totality of facts and circumstances in this case, we conclude that the initialMiranda warnings given to Brooks were not rendered stale by the twenty minute break in interrogation so as to lose their effectiveness in protecting Brooks from the coercive atmosphere inherent in custodial interrogation. State v. Cooey (1989),46 Ohio St.3d 20; State v. Lester (1998), 126 Ohio App.3d 1. The trial court correctly overruled Brooks' motion to suppress his statements.
Next, appellate counsel suggests that the evidence presented by the State may have been legally insufficient to sustain Brooks' conviction, and that Brooks' conviction is against the manifest weight of the evidence.
Brooks was found guilty of Robbery in violation of R.C.2911.02(A)(2) which provides:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
The evidence presented at trial by the State demonstrates that on the afternoon of May 7, 1998, Brooks entered the Café Potage restaurant at 1939 N. Main Street, Dayton, where he formerly worked. Brooks was wearing a hooded sweatshirt pulled so tight around his face that only his nose was showing. When a waiter handed Brooks a pad of paper and a pen, thinking that Brooks wanted to write out a carryout order, Brooks handed a note to the waiter which read: "Empty the cash register and be quiet. I've got a gun. Give me all of your money." Brooks kept one hand concealed in his coat pocket, and he pushed some object against the waiter's rib cage. Believing that the object in Brooks' pocket was a gun, the waiter handed Brooks the money. Brooks fled out the back door.
When subsequently questioned by police, Brooks confessed. Moreover, handwriting analysis revealed that it was "probable" that Brooks wrote the note, while fingerprint analysis revealed that Brooks' right palm print is on that note.
 "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence presented in a trial to prove the issue established by the verdict that was reached. State v. Thompkins (1997), 78 Ohio St.3d 380. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof. Id.
State v. Bradley (Oct. 2, 1997), Champaign App. No. 97-CA-03, unreported, at 7.
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Viewing the evidence presented in this case in a light most favorable to the State, we conclude that a rational trier of fact could find all of the essential elements of robbery to have been proved beyond a reasonable doubt. Brooks' conviction is supported by legally sufficient evidence.
A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. Statev. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. Bradley, supra.
In reviewing the entire record, we cannot say that the evidence weighs heavily against a conviction, that the jury as factfinder lost its way, or that a manifest miscarriage of justice has resulted. Brooks' conviction is not against the manifest weight of the evidence.
In addition to reviewing the issues raised by Brooks' appellate counsel, we have conducted an independent review of the record in this case. We find no prejudicial error in the proceedings of the trial court which deprived Brooks of a fair trial. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Mathias H. Heck, Jr., Esq.
Michael H. Holz, Esq.
Terrence L. Brooks
Hon. David G. Sunderland