DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Derrick English appeals from the denial of his postconviction relief petition in the Lorain County Court of Common Pleas. This Court affirms.
A portion of the essential facts underlying the instant appeal was previously set forth by this Court in State v. English
(Jan. 5, 2000), Lorain App. No. 99CA007305, unreported ("EnglishI"), as follows:
 On January 20, 1999, [English] pleaded guilty to one count of engaging in corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree; and three counts of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the first degree, and one count [of trafficking in cocaine in violation of R.C. 2925.03(A),] a felony of the second degree. [English] pleaded guilty to a major drug offender specification accompanying each of the foregoing charges. He also pleaded guilty to one count of permitting drug abuse in violation of R.C. 2925.13(A) and one count of possession of drug abuse paraphernalia in violation of R.C. 2925.14(C)(1).
* * *
 [English] was sentenced to concurrent prison terms totaling seventeen years, and the trial court ordered two automobiles owned by [English] to be forfeited to the State of Ohio.
English appealed to this Court, which upheld his convictions. Id.
During the pendency of his direct appeal, English filed a May 25, 1999 petition for postconviction relief. In his petition, English asserted that his trial counsel was ineffective by failing to investigate properly and to move to suppress a "multitude of illegal evidence." As a result, English argued, his guilty plea was illegally induced. English then moved for summary judgment on June 23, 1999. The trial court denied the petition in an order journalized on June 29, 1999.
English timely appeals, asserting one assignment of error:[1]
Appellant was biased and prejudiced and rendered Ineffective Assistance by defense counsel; denied due process; denied his rights against self-incrimination; and, denied his rights against being subjected to possible illegal search an [sic] seizure in violation of the Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution and Article I, §§ 10, 14 and 16 of the Ohio Constitution by and through defense counsel's biased and prejudicial failure to file a mandatory suppression motion challenging a multitude of possibly illegally obtained evidence presented by the State for cause.
In his assignment of error, English presents the same arguments identified in the first claim of his postconviction relief petition; in fact, the wording of both his assignment of error and the first claim are nearly identical. Specifically, English alleges that his trial counsel failed to file a mandatory motion to suppress illegally obtained evidence, which would have succeeded, thereby allowing him to have avoided pleading guilty. On appeal, English argues that the trial court erred in finding that his petition lacked a sufficient evidentiary basis and that his arguments were barred by res judicata.
English's argument is not well taken. The trial court held that, because English could have raised several of the grounds on which his postconviction relief petition was based on direct appeal and failed to do so, res judicata rendered these grounds barred.[2] This Court has previously explained that "[t]he doctrine of res judicata bars relitigation in a proceeding for post-conviction relief of any issue that was raised or that couldhave been raised at trial or on direct appeal." (Emphasis added.)State v. Pannell (Jan. 20, 1999), Wayne App. No. 98CA0034, unreported, citing State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus. Although res judicata "may be defeated by the production of evidence dehors the trial court record that demonstrates that the petitioner could not have appealed the constitutional claim based solely on the contents of the record[,] * * * [a]bsent such evidence, res judicata applies." (Citations omitted.) Id. Further, an "[a]ppellant bears the initial burden of demonstrating, from evidence outside the record, that the performance of trial counsel was objectively deficient and that [he] was prejudiced by the deficiency." Statev. Anderson (Dec. 22, 1999), Summit App. No. 19502, unreported, citing State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. Assuming arguendo that res judicata did not bar English from raising his arguments in his postconviction relief petition, this Court finds the petition insufficient to have entitled English to relief.
In the instant case, English attached an affidavit in support of his postconviction relief petition in which he repeated the general substance of the grounds alleged in his petition, an incomplete copy of the state's response to a discovery demand, a copy of the docket sheet indicating the filings in his case, and an affidavit of indigency.[3] Except for his own affidavit and the affidavit of indigency, which is irrelevant to English's arguments, all of these filings were part of the trial court record on his direct appeal. The trial court regarded English's affidavit as self-serving and noted that no other evidence outside the record was presented as support for the various allegations English made.
It is clear that "a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." State v. Barnett
(1991), 73 Ohio App.3d 244, 249. As a result, "to establish prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Bishop (Mar. 9, 1998), Warren App. No. CA97-07-081, unreported, citing Hill v. Lockhart (1985),474 U.S. 52. Therefore, English must have demonstrated that his trial counsel was ineffective and that, as a result, his plea was not knowing and voluntary.
In an attempt to satisfy this standard, English attached the aforementioned affidavit which, as noted, the trial court found to be self-serving and unsupported by any other evidence. In evaluating the trial court's consideration of English's affidavit, this Court is guided by the Supreme Court of Ohio's holding:
 [I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact.
State v. Calhoun (1999), 86 Ohio St.3d 279, 284. In evaluating the credibility of an affidavit, a court should consider all relevant factors, including, but not limited to:
 (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely upon hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.
Id. at 285. Further, "one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." Id. This Court has additionally recognized that, "[g]iven [a] lack of other supporting materials, [a] trial court [does] not abuse its discretion by discounting the credibility of a [defendant's] own affidavit." State v. Yauger (Oct. 6, 1999), Summit App. No. 19392, unreported.
Applying the foregoing factors to the instant case, this Court finds that the same trial court judge who handled the postconviction relief petition had also received English's plea and had imposed sentence. Also, it is safe to assume that English is interested in the success of his own petition. Further, English's arguments, if accepted as true statements of fact, would contradict this Court's previous finding that English's "guilty plea was entered knowingly, voluntarily, and intelligently." SeeEnglish I, supra. The Supreme Court of Ohio, however, has stated that "a record reflecting compliance with Crim.R. 11 has greater probative value than contradictory affidavits." Calhoun, supra, at 288.
An additional factor to be weighed is that none of English's six points contain specific details warranting relief. See Statev. Linehan (Sept. 4, 1998), Montgomery App. No. 16841, unreported;State v. Tate (Mar. 15, 1989), Summit App. No. 13798, unreported (both holding that a mere conclusory statement does not merit a postconviction relief petition hearing). Rather, English presented the trial court with either general conclusory statements without additional support or with vague speculation; for example, he stated that there was a "multitude of possibly
illegally obtained evidence" without offering specific details. (Emphasis added.) It is unclear whether English possesses evidence containing such specific details; in his sixth point, English alludes to unnamed documents for support and to the fact that he was seeking discovery of grand jury proceedings supporting his allegations. It is neither readily apparent how the unnamed documents English declines to identify support his conclusions nor how he can rely for support upon grand jury proceedings he does not possess.
Therefore, given the permissible discounting of the credibility of his own affidavit, English failed to point to anything in either the record or in documentary evidence accompanying his petition that details the circumstances surrounding the "possibly illegally obtained evidence" or his statements to the police. In light of the fact that the failure to file a motion to suppress does not per se constitute ineffective assistance of counsel, State v. Lester (1998),126 Ohio App.3d 1, 6, such production was necessary. See State v.Brown (June 25, 1998), Cuyahoga App. No. 72436, unreported ("It is appellant's duty, in an ineffective assistance claim, to affirmatively represent the facts and reasons his appointed counsel was deficient and how this deficiency was prejudicial."). As a result, English has not demonstrated that the failure to file a motion to suppress affected the knowing and voluntary nature of his plea of guilty. See State v. Mackey (Feb. 14, 2000), Warren App. No. CA99-06-065, unreported (rejecting an ineffective assistance of counsel argument where a defendant failed to demonstrate that statements to the police were in violation of theSixth Amendment); Bishop, supra (rejecting an ineffective assistance of counsel argument for failure to file a motion to suppress where the circumstances of the seizure of evidence were not before the court).
It is well settled that "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, supra, at 291. English failed to satisfy his burden of production. Instead, he presented the trial court with allegations of possible
grounds for filing a motion to suppress that, if valid, might have led to suppression that might have led to his not having pleaded guilty. Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief. Accordingly, this Court cannot say that the trial court erred in denying English's postconviction relief petition.
English's assignment of error is overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR FOR THE COURT BATCHELDER, P.J., BAIRD, J., concur
[1] On July 7, 1999, English also filed a petition seeking disclosure of evidence presented to the Lorain County Grand Jury. The July 12, 1999 denial of this petition has been appealed separately. See State v. English (Mar. 8, 2000), Lorain App. No. 99CA007410, unreported.
[2] English argued in his direct appeal that he was coerced into pleading guilty by ineffective trial counsel only on the basis that he had relied on the promise of a plea agreement that was not honored. This Court rejected that argument. See EnglishI, supra.
[3] English also attached a motion for an evidentiary hearing. No such hearing was held. Given the substance of his petition, however, English was not entitled to a hearing. See State v.Yauger (Oct. 6, 1999), Summit App. No. 19392, unreported, citingState v. Jackson (1980), 64 Ohio St.2d 107, 110 ("The right to an evidentiary hearing on a petition for postconviction relief is not automatic. * * * Before a trial court grants a hearing, it `shall determine whether there are substantive grounds for relief.' R.C.2953.21(C).").