OPINION
Defendant-appellant, Clifford Procter, appeals his convictions in the Warren County Court of Common Pleas for possession of cocaine and possession of drug paraphernalia. For the reasons that follow, we affirm.
Deputy Roger Barnes of the Warren County Sheriff's Office received a "critical missing person report" when he reported for duty on December 24, 1999. Deputy Barnes learned from the report that the missing person was a female by the name of Danielle Newdigate. She had blonde hair and was approximately 5'1" tall. Newdigate was suspected to be driving a late model green Saturn and residing at the Knight's Inn in the city of Franklin, Ohio. The report indicated that Newdigate was "endangered."
Deputy Barnes drove to the Knight's Inn in the early morning hours and noticed a room with a flickering light normally associated with a switched on television. He suspected Newdigate was in the room. Deputy Barnes contacted the city of Franklin Police and requested their assistance.
When the Franklin police responded to the scene, the officers checked the hotel's registry for the room in which they suspected Newdigate was located. The room was registered under the names "Andrirea Puterbaugh" and "Andrea Puterbaugh." The registry indiated that the occupant of the room was driving a green "[']99 Saturn".
The police officers were positioned outside of the hotel's office when they noticed a green Saturn drive by the entrance to the Knight's Inn and then stop. The vehicle backed up and then pulled into the hotel's entrance. The driver of the vehicle generally matched Newdigate's description. Officer Brian Pacifico of the Franklin Police stepped in front of the car and raised his hands, signaling the driver of the vehicle to stop. Deputy Barnes approached the car and noticed appellant sitting in the front passenger's seat. Deputy Barnes told the other officers that he recognized appellant and knew that there were outstanding warrants for his arrest. Officer Pacifico observed appellant make a furtive gesture in the vehicle. Officer Pacifico drew his handgun and ordered appellant to exit the vehicle, but appellant did not comply. The officers removed appellant from the vehicle. Deputy Barnes performed a protective frisk on appellant and discovered a lump in the right front pocket of his shirt. Based on his experience, Deputy Barnes determined that the lump was probably crack cocaine. Meanwhile, the other officers checked the vehicle's registration and the identification of the driver. The driver was Danielle Newdigate.
The officers obtained consent from appellant and Newdigate to search the hotel room registered to "Ms. Puterbaugh." In the room, the officers discovered broken glass pipes, a razor blade and other paraphernalia used for ingesting crack cocaine.
Appellant was indicted on two counts of possession of cocaine and one count of possession of drug paraphernalia. The state dismissed one count of possession of cocaine prior to trial. After a trial to a jury, appellant was found guilty of possession of cocaine and possession of drug paraphernalia. Appellant appeals his conviction and raises one assignment of error for review:
 APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW WHERE TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS EVIDENCE.
In his assignment of error, appellant asserts that he received ineffective assistance of counsel at trial. Specifically, appellant contends that trial counsel should have filed a motion to suppress evidence on the grounds that the police officers obtained the evidence against him through an unconstitutional search and seizure.
To establish a claim of ineffective assistance of counsel, appellant must first show that his counsel's actions were outside the wide range of professionally competent assistance. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064. Second, appellant must demonstrate that he was prejudiced at trial as a result of counsel's actions. Id. at 689, 104 S.Ct. at 2065. To demonstrate prejudice, appellant must prove that, but for counsel's actions, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068. When an appellant fails to satisfy one prong of the test, a reviewing court need not consider the other. Id. at 697, 104 S.Ct. at 2069.
Trial counsel's failure to file a motion to suppress does not per se
constitute ineffective assistance of counsel. Kimmelman v. Morrison
(1986), 477 U.S. 365, 384; 106 S.Ct. 2574, 2587; State v. Madrigal
(2000), 87 Ohio St.3d 378, 389. The Sixth Amendment right to effective assistance of counsel does not require trial counsel to file a motion to suppress evidence where none of the defendant's constitutional rights were violated. State v. Lester (1998), 126 Ohio App.3d 1, 6; State v.Frazier (Nov. 25, 1996), Butler App. No. CA96-02-023, unreported. Nor is trial counsel required to file a meritless motion to place it on the record to avoid a charge of ineffective assistance. State v. Robinson
(1996), 108 Ohio App.3d 428, 433. The party asserting a claim of ineffective assistance on the basis of trial counsel's failure to file a motion to suppress must show that the failure to file the motion caused him prejudice. Id. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of reasonable professional assistance. State v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." State v.Carter (1995), 72 Ohio St.3d 545, 558.
Appellant argues that his trial counsel should have filed a motion to suppress on two grounds. First, appellant maintains that the initial stop of the green Saturn in which he was a passenger constituted an illegal seizure. Second, appellant asserts that the search of the hotel room by the police officers was unconstitutional because the officers did not have valid consent or a warrant to search the room. An analysis of the relevant law in this case indicates that a motion to suppress would not have been granted on either ground. We will consider each in turn.
Stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the Fourth Amendment to the United States Constitution. Delaware v. Prouse (1979), 440 U.S. 648, 653,99 S.Ct. 1391, 1396. However, the Fourth Amendment does not require a police officer lacking probable cause to arrest to "simply shrug his shoulders and allow a criminal to escape." State v. Freeman (1980),64 Ohio St.2d 291, 295, certiorari denied (1981), 454 U.S. 822,102 S.Ct. 107, quoting Adams v. Williams (1972), 407 U.S. 143, 145,92 S.Ct. 1921, 1923. The essence of good police work often requires adopting an intermediate response. Id. "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Id. at 296.
To justify a brief investigatory stop, the police officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880. The propriety of the investigatory stop must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus, certiorari denied, 488 U.S. 910,109 S.Ct. 264; State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. A series of acts, each of them perhaps innocent, may together give police officers justification for conducting further investigation.United States v. Sokolow (1989), 490 U.S. 1, 9-10, 109 S.Ct. 1581,1586-87. Whether the stop is unreasonable is tested by an objective standard: "Would the facts available to the officer at the moment of the seizure or the search `warrant a [person] of reasonable caution in the belief' that the action taken was appropriate?" Bobo,37 Ohio St.3d at 180, quoting Terry, 392 U.S. at 21-22, 88 S.Ct. at 1880.
Applying the standard to this case, we find the actions of the officers were reasonable and appropriate under the circumstances. Deputy Barnes and Franklin police officers were investigating a "critical missing person report" which alleged Danielle Newdigate, the missing person, might be endangered. The officers suspected Newdigate was driving a late model green Saturn and residing at the Knight's Inn. When the officers checked the hotel's registry for the room in which they suspected Newdigate was staying, they found the room registered by a person who twice spelled her alleged first name differently. The person who registered for the room indicated that she was driving a 1999 green Saturn. While positioned outside of the hotel's office, the officers noticed a late model green Saturn drive by the hotel's entrance and then stop. The driver of the vehicle backed up and then entered the hotel's parking lot. The driver of the vehicle generally matched the description in the missing person report.
Under the totality of these circumstances, the officers reasonably stopped the vehicle to ascertain whether the driver was the missing person and to investigate whether criminal activity was associated with the circumstances surrounding the missing person report.
Appellant next argues that trial counsel should have filed a motion to suppress the evidence the police gathered from the hotel room. The crux of appellant's argument is that the officers did not have a valid consent to search the hotel room because the room was registered to someone by the name of "Andreara Puterbaugh." According to appellant, neither he nor Newdigate had real or apparent authority to consent to the search of a hotel room registered to Ms. Puterbaugh. Therefore, appellant concludes that the police needed to obtain a search warrant to search the hotel room.
The Fourth Amendment to the United States Constitution protects individuals from unreasonable government intrusions into areas where they have a legitimate expectation of privacy. See Katz v. United States
(1967), 389 U.S. 347, 88 S.Ct. 507. Therefore, the touchstone ofFourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy in the area searched. California v.Ciraolo (1986), 476 U.S. 207, 211, 106 S.Ct. 1809, 1811. Generally, a defendant lacks standing to challenge the constitutionality of a search where he does not have a reasonable expectation of privacy in the area searched because an illegal search only violates the rights of those who have a reasonable expectation of privacy in the invaded place. Minnesotav. Olson (1990), 495 U.S. 91, 95, 110 S.Ct. 1684, 1687.
Appellant states that he and Newdigate did not have authority to consent to a search of the hotel room because it was registered to Ms. Puterbaugh. Appellant argues that the police needed to obtain consent from Ms. Puterbaugh or obtain a warrant to search the room. Since appellant claims no possessory interest in the hotel room, it follows that he does not a have a reasonable expectation of privacy in the hotel room. Therefore, appellant does not have standing to challenge the constitutionality of the search and a motion to suppress would have been futile.[1]
Since the seizure of the automobile and the search of the hotel room did not violate appellant's constitutional rights, he was not prejudiced by his trial counsel's decision not to file a motion to suppress. Accordingly, appellant was not denied the effective assistance of trial counsel. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] A review of the record indicates that trial counsel's theory of defense centered, in part, upon the apparent lack of evidence connecting appellant with the hotel room and the drug paraphernalia found inside. Thus, it was a strategic decision not to file a motion to suppress, since appellant would have had to admit that he had a possessory interest in the hotel room to have standing to file the motion. The fact that, in retrospect, appellant believes a better strategy may have been available, does not rise to the level of ineffective assistance of counsel. See State v. Clayton (1980), 62 Ohio St. 45, 48-49, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227.