DECISION
Eric T. MacDonald, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Municipal Court. Appellant was found guilty of assault, a violation of Columbus City Code 2303.13(A); and domestic violence, a violation of R.C. 2919.25(A).
On February 24, 2001, a complaint was filed against appellant. The complaint alleged that appellant committed an assault by knowingly causing physical harm to Christina Perry ("victim") by punching her with a closed fist and grabbing and twisting her left arm. The complaint also alleged that appellant committed domestic violence by knowingly causing physical harm to the victim by punching her with a closed fist and grabbing and twisting her left arm. The complaint was later amended, changing the facts from the victim being punched with a closed fist to appellant striking the victim in the head with his hand.
Appellant was tried before a jury in September 2001. On September 20, 2001, the jury found appellant guilty of assault and domestic violence. The trial court merged appellant's two convictions for purposes of sentencing and sentenced him to serve one hundred eighty days in jail and placed him on probation for three years. The court suspended one hundred sixty-four days of appellant's jail sentence. Appellant appeals his convictions and presents the following three assignments of error:
 [I.] The Defendant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, as applied to the states through the Due Process Clause of the Fourteenth Amendment of the United States Constitution.
 [II.] The finding of guilt by the jury and the judgment of the trial court are not supported by sufficient evidence.
 [III.] The finding of guilt by the jury and the judgment of the trial court are contrary to the weight of the evidence.
Appellant argues in his first assignment of error that his trial counsel was ineffective. Appellant contends that counsel failed to obtain a necessary transcript of the victim's prior testimony given during appellant's arraignment hearing. Appellant also argues that counsel enabled a witness to testify about his prior assault conviction.
"Reversal of a conviction on the grounds of ineffective assistance of counsel requires a showing, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive defendant of a fair trial." State v. Lindsey (2000), 87 Ohio St.3d 479, 489, certiorari denied, 531 U.S. 838,121 S.Ct. 99, following Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. "The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation." State v. Lester (1998), 126 Ohio App.3d 1, 5. Additionally, appellant must show prejudice, demonstrating that but for counsel's errors, the result of the proceedings would have been different. State v. Smith (2002), Franklin App. No. 01AP-706.
Appellant argues that his trial counsel did not effectively cross-examine the victim because he failed to secure a transcript of appellant's arraignment hearing. However, the record does not support appellant's contention that counsel did not have a copy of the transcript. The record instead shows that appellant's counsel was aware of the victim's testimony during the prior hearing and used her prior testimony in an attempt to impeach her during the trial. During counsel's cross-examination of the victim, the victim asked counsel whether he was at the prior hearing and counsel replied: "No, but I read the transcript."
Appellant claims that if the jury had been privy to the victim's actual testimony through effective cross-examination, her credibility would have been damaged. However, "[c]ounsel's decisions regarding the presentation of evidence is within the realm of trial tactics." State v. Edwards (1998), Clermont App. No. CA97-04-035. Trial tactics that are debatable generally do not constitute a deprivation of effective counsel. State v. Phillips (1995), 74 Ohio St.3d 72, 85. Additionally, "[a]n appellate court reviewing an ineffective assistance of counsel claim will not second guess counsel's strategy in direct and cross-examination of witnesses." Edwards, supra.
Appellant also contends that his trial counsel should not have allowed the victim to testify concerning an incident involving appellant. The victim testified that appellant hit her while he was driving a car. The following exchange took place between appellant's counsel and the victim:
 Q. So you say he took his right hand off the wheel and popped you in the head?
A. He was driving with his left hand * * *.
Q. Did [appellant] drive with his left hand?
A. He drives with them both.
Q. Can [appellant] drive with his left hand?
A. Yeah.
 Q. Do you know of a reason why he couldn't drive with his left hand?
A. (Shakes head.)
Q. Do you know if [appellant] had an incident —
 A. When he put a hand through a window assaulting a lawyer.
A review of the complete transcript demonstrates that one of the ways appellant's trial counsel attempted to show that appellant did not hit the victim while they were in the car was by arguing that it was impossible for appellant to drive with his left hand and hit the victim with his right hand. During direct examination of appellant, the following exchange took place between appellant and his counsel:
 Q. She said you hit her with your right hand. Is that possible when you are trying to drive?
 A. I don't see that it would. Also heard her say I punched her. She told one time I punched her, then she said I smacked her. I don't think she knew what happened, period. I mean, I didn't touch her.
 Q. When you were driving the car, which hand did you use?
 A. Usually my right. My left hand I cut tendons and nerves in my hand. I try not to use it that much.
Q. Your left hand numb?
A. Yeah.
Q. Have any feeling in it?
A. No.
Q. Can't control a car with your left hand?
A. No.
 Q. She said you hit her with the right hand. Would you have been able to control the car?
A. No * * *.
Although appellant can argue that his trial counsel should not have allowed the victim to testify that appellant had assaulted a lawyer, withholding objections is within the realm of trial tactics and does not establish ineffective assistance of counsel. State v. Nichols (2000), Franklin App. No. 99AP-1090. Additionally, by arguing that appellant could not have hit the victim while he was driving the car because of his injured left hand, the prosecution was able to ask during cross-examination: "How did you injure your left hand?"
Accordingly, after reviewing the complete record, we find that appellant was not deprived of his right to effective assistance of counsel. Appellant has failed to show how counsel breached the duty to provide reasonable representation and demonstrate that but for counsel's errors, the result of the proceedings would have been different. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that his convictions were supported by insufficient evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Smith (1997), 80 Ohio St.3d 89, 113, certiorari denied (1998), 523 U.S. 1125, 118 S.Ct. 1811. In reviewing a record for sufficiency, the relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Twyford (2002), 94 Ohio St.3d 340,354. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied, 525 U.S. 1077, 119 S.Ct. 816.
Columbus City Code 2303.13 states:
 (A) No person shall knowingly cause or attempt to cause physical harm to another.
 (B) No person shall recklessly cause serious physical harm to another.
 (C) Whoever violates this section is guilty of assault, a misdemeanor of the first degree. If the offense occurred on City owned property, in a school building, on school premises, or within 1000 feet of the boundaries of school premises, then the court shall impose a mandatory term of imprisonment of at least thirty days, which shall not be suspended, shall be a period of consecutive imprisonment, and during which mandatory minimum term of imprisonment the defendant shall not be eligible for probation, house arrest, or work release.
Columbus City Code 2301.01(C) defines physical harm to persons to mean "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Columbus City Code 2303.13(A) closely mirrors R.C. 2901.13(A).
The victim testified that appellant struck her in the back of the head twice while they were in the car. When asked whether it hurt when appellant hit her, the victim replied, "Yes." Based upon the victim's testimony, we find that sufficient evidence was presented to show that appellant committed an assault pursuant to Columbus City Code 2303.13.
R.C. 2919.25(A) states "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2901.01(A)(3) defines physical harm to persons as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." The victim's testimony establishes the fact that she was injured by appellant when he hit her while they were in the car. The victim also testified that at the time of the incident, appellant was her boyfriend and the two were living together. The victim further testified that when they arrived at their apartment, she attempted to get away because she was scared. When asked what she was scared of, the victim testified:
 Him. I mean, just the mental abuse and, you know, he already struck me twice in the head. What's going to happen once he gets me in a closed apartment where I couldn't call for help or go nowhere?
The victim testified that she fell after she got out of the car and attempted to run from appellant. She stated that appellant "yanked" her up from the ground and she began calling for help.
After a review of all of the evidence in the present case in a light most favorable to the state, we find that sufficient evidence was presented to sustain appellant's assault and domestic violence convictions. Appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that his convictions were against the manifest weight of the evidence. Appellant claims that the evidence demonstrates that his testimony concerning the events was more credible than the victim's testimony.
"The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16, following Clemons, at 444. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193, certiorari denied (1999), 527 U.S. 1042, 119 S.Ct. 2407. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. Coley (2001), 93 Ohio St.3d 253, 263. The trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. In re Good (1997), 118 Ohio App.3d 371, 377.
The premise of appellant's defense was that the victim's version of the events was incorrect. In support of this premise, appellant testified that the victim was drunk from a wedding they had attended earlier in the evening. Appellant claimed the victim had difficulty standing up and that he was trying to help her into the apartment. Appellant also presented the testimony of Linda Scott and Barbara Smith. Scott testified that she observed the victim screaming and yelling at appellant. She also testified that she believed the victim was drunk based upon previous interactions with her. Smith offered similar testimony.
Along with the victim's testimony, the state presented the testimony of Jill Kritz, Quan Huynh, and Columbus Police Officers Bradley Thomas and Joseph Gibson. Kritz testified that she saw the victim attempting to escape from appellant. She stated the victim was crying and had no problem walking on her own. She also testified that she stayed with the victim until the police arrived. Huynh similarly testified that the victim was upset and crying and "what stands out in my mind the most is her trying to get away from somebody she didn't want to be held by." Huynh also testified that when he informed appellant that the police had been called, appellant fled. Officer Thomas testified that when he arrived at the victim's apartment, the victim was "very upset, crying, had her head buried into her hands while she was sitting on the couch, rocking back and forth, very upset." Officer Thomas also stated that the victim did not have any problem walking on her own or any problem with her balance, and that she was able to give a clear version of what had happened. Officer Gibson's testimony was similar to Officer Thomas' testimony and included his assessment that if the victim "hadn't told me she had been drinking, I would never have guessed she had anything to drink at all."
Following a review of the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find no basis to believe that the jury clearly lost its way, that a manifest miscarriage of justice occurred, or that appellant's convictions were against the manifest weight of the evidence. See Smith, supra, at 114. The record supports the jury's determination that the victim was more credible than appellant. Appellant's third assignment of error is overruled.
Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
PETREE and LAZARUS, JJ., concur.