DECISION
{¶ 1} Anthony S. Thacker, Jr., defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas. Appellant was found guilty of one count of aggravated robbery, a violation of R.C. 2911.01, and two counts of robbery, violations of R.C. 2911.02.
{¶ 2} On January 12, 2001, at about 11:45 p.m., two female students, Amanda Fliger and Kellyn Griffith, were accosted by a young male while walking across campus at The Ohio State University. At appellant's trial, Amanda stated that she heard someone approaching her from behind. When the individual reached her, Amanda claimed he grabbed the bottom of her purse. Amanda testified that she and Kellyn struggled with the assailant until "he pulled something out and put it on my throat and said, `Give me [your] purse, bitch,' and I just let it go, and he ran away." Amanda described the object the assailant put to her throat as "something hard," which she believed was a knife.
{¶ 3} Kellyn also testified during appellant's trial. Kellyn described the incident, as follows:
{¶ 4} "[A]s we were walking down the sidewalk in front of Arps Hall, a man approached us and told Amanda — he grabbed her purse and told her to give him her purse. She struggled with him for a little bit.
{¶ 5} "At first I thought it was kind of a joke, because at first he said, `Hey, lady.' He grabbed her purse and said, `Give me your purse,' and she didn't let go. So I thought maybe she knew him. * * * And then she started to kind of get upset and to fight back, to struggle with him. I turned to kick him. After I did that, he reached in his pocket and pulled out a knife and kind of waved it around and reached towards Amanda to stick it to her throat, and I reached to turn on the emergency blue light."
{¶ 6} Kellyn stated that she called the police by using the intercom provided at the emergency blue light. Kellyn also testified that as the assailant ran away, she ran after him shouting, "I know what you look like. I can identify you through a line-up." Kellyn further testified that she saw the assailant get into the passenger side of a silver car that she believed was waiting for him.
{¶ 7} Approximately five minutes after Kellyn gave police a description of the car, the police stopped a car being driven by Jered Hodge. When the police stopped the vehicle, appellant was seated in the passenger seat. Amanda's purse and a knife were found underneath the passenger's seat of Hodge's car. Kellyn and Amanda identified appellant as the assailant that night and at his trial. During appellant's interrogation by police, he confessed to stealing Amanda's purse. Ted Thompson, an officer with The Ohio State University Police Department, testified that appellant told him "I pulled the knife and put it about six inches away from the throat. She let go of the purse, and I ran * * *."
{¶ 8} Appellant also made a written statement to police concerning the events of that night. In his statement, appellant wrote the following:
{¶ 9} "I was riding around campus with my friend Jerrod [sic] Hodge. * * * We were by High Street and saw these two girls walking. One of the girl's purses was hanging out behind her. So for no reason at all I told Jerrod [sic] to stop the car. I got out ran behind her and grabbed her purse. I then turned around and ran back to the car. (I said nothing to the girl, didn't touch or hit her). When I returned to the car we drove a little ways, made a right and then we were pulled over in about a half a mile. Something I forgot to mention is, that when the girl tried to resist I showed her a knife and pointed it at her about 7 inches away for about 1 second. I did not intend to use the knife in any way nor did I physically hurt or even touch her. * * *"
{¶ 10} On January 30, 2001, appellant was indicted by a grand jury for one count of aggravated robbery, two counts of robbery, and one count of receiving stolen property. Appellant was tried before a jury in October 2001. At the close of the state's presentation of evidence, a nolle prosequi was entered for appellant's receiving stolen property count. On October 5, 2001, the jury found appellant guilty of one count of aggravated robbery and two counts of robbery. The trial court merged appellant's two robbery convictions with his aggravated robbery conviction and sentenced appellant to serve four years in prison for aggravated robbery, a felony of the first degree. Appellant appeals his convictions, and presents the following two assignments of error:
{¶ 11} "[1.] Counsel's decision to call Jered Hodge to testify on behalf of appellant, when he had not previously interviewed Mr. Hodge, constituted ineffective assistance of counsel which deprived appellant of his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.
{¶ 12} "[2.] The trial court erred by making prejudicial comments regarding appellant in the presence of the jury, thereby depriving him of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution."
{¶ 13} Appellant argues in his first assignment of error that he received ineffective assistance from his trial counsel. Appellant contends his counsel erred when Jered Hodge was called as a witness even though Hodge was not interviewed by counsel prior to being called as a witness.
{¶ 14} "Reversal of a conviction on the grounds of ineffective assistance of counsel requires a showing, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive defendant of a fair trial." State v. Lindsey (2000), 87 Ohio St.3d 479, 489, certiorari denied, 531 U.S. 838,121 S.Ct. 99, following Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052. "The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation." State v. Lester (1998), 126 Ohio App.3d 1, 5. Additionally, appellant must show prejudice, demonstrating that but for counsel's errors, the result of the proceedings would have been different. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 34.
{¶ 15} In the present case, appellant's counsel called Hodge as a witness. Hodge testified that he and appellant tried to get into a club near campus on the night of the crime, but they did not have enough money to enter a club. Hodge testified that he told appellant if "he needed money, to just rob somebody, and he could get it real easy." Hodge claimed that he told appellant he could either "get somebody by an ATM or run up to somebody and try to snatch their purse." Hodge continued by stating, "if they get hostile, just pull out the knife, and that will usually just scare them." Hodge stated that he handed appellant his hunting knife and told him "exactly how to do it. * * * First, * * * he hesitated, and I told him, basically * * * I egged him on to do it." Hodge further testified that after he gave appellant his knife, he believed appellant put the knife in his pocket. Hodge stated that he saw appellant "go up, walk over behind [Amanda and Kellyn], say something to them, and then he like struggled with them for a minute and then he came back." When appellant's counsel asked Hodge during direct examination whether counsel and Hodge had talked prior to trial, Hodge replied: "No, sir."
{¶ 16} We note that counsel's decisions regarding the presentation of evidence is within the realm of trial tactics and trial tactics that are debatable generally do not constitute a deprivation of effective counsel. See State v. McDonald, Franklin App. No. 01AP-1212, 2002-Ohio-3066, at ¶ 10. Additionally, an appellate court reviewing an ineffective assistance of counsel claim usually will not second-guess counsel's strategy in direct and cross-examination of witnesses. State v. Poole, Cuyahoga App. No. 80150, 2002-Ohio-5065, at ¶ 21. However, we do not see the wisdom of Hodge being called as a witness without counsel first determining what he would say while on the witness stand. Hodge's testimony helped corroborate the state's claim that appellant used a knife during the robbery. A review of Hodge's complete testimony fails to show how his testimony benefited appellant.
{¶ 17} However, in order to show that appellant's counsel was ineffective, appellant is required to show that his counsel's actions were prejudicial. While Hodge's testimony was beneficial to the prosecution, the other evidence presented shows that even if Hodge's testimony had been excluded, the result of the proceedings would not have been different.
{¶ 18} Appellant testified during his trial that he took Amanda's purse. Therefore, the only real disputed fact in the present case is whether appellant used a knife during the robbery. When Kellyn and Amanda first called the police from the emergency blue light, an audiotape was made of the conversation between the victims and the emergency operator. When Amanda described to the operator what had happened, she stated that the assailant had a knife. When appellant fled the scene, Kellyn witnessed him getting into the passenger seat of an awaiting car. When the police stopped Hodge and appellant shortly after the crime, a search of Hodge's car revealed that Amanda's purse and a knife were hidden underneath the passenger's seat. In her written statements made to the police the night of the crime, Kellyn stated that appellant's "behavior told me it was a knife because he used motions like it was a knife, but I never saw a blade." Officer Thompson testified that appellant told him he "pulled the knife and put it about six inches away from [Amanda's] throat." A written statement made by appellant the night of the crime includes his admission that he "showed her a knife and pointed it at her." A red mark also appeared on Amanda's neck where she testified appellant pushed the hard metal object against her.
{¶ 19} After having reviewed the complete record, we find that appellant has not met his burden to show that but for counsel's errors, the result of the proceedings would have been different. The evidence presented against appellant, including his own statements made the night of the crime, was sufficient to convince a juror beyond a reasonable doubt that he used a knife during the crime even without Hodge's testimony. Appellant's first assignment of error is overruled.
{¶ 20} Appellant argues in his second assignment of error that he was prejudiced by comments the trial judge made during his trial. During direct examination of appellant, appellant's trial counsel gave appellant the knife that the police found in Hodge's car. The following exchange took place between the trial judge and appellant's counsel:
{¶ 21} "THE COURT: [Counsel], you will take that knife away from the [appellant], please. We will get security, get deputies. I'm getting real nervous.
{¶ 22} "[Counsel]: I enter my objections to your remarks. He has been around the knife for days. He is no risk to anyone.
{¶ 23} "THE COURT: In this courthouse, it's a risk.
{¶ 24} "* * *
{¶ 25} "THE COURT: Deputies, could I ask you to take it away from him?"
{¶ 26} Appellant argues that these comments by the trial judge "were improper and unfairly inferred to the jury that Appellant had violent propensities."
{¶ 27} "In determining whether a trial judge's remarks are so prejudicial as to require a mistrial, we must consider the circumstances under which they were made." State v. Ward (Apr. 1, 1998), Allen App. No. 1-97-56, discretionary appeal not allowed, 83 Ohio St.3d 1415, following State v. Scott (1986), 26 Ohio St.3d 92. In the present case, appellant was accused of using a knife during a robbery. Even though an accused is innocent until proven guilty, it would be unreasonable for an accused to be given a deadly weapon such as a knife while on the witness stand in a courtroom. Therefore, the trial judge's statement that he was "getting real nervous" and asking that the knife be taken away from appellant was reasonable considering the circumstances. Accordingly, we find that the trial judge's remarks were not so prejudicial as to require a mistrial. Appellant's second assignment of error is overruled.
{¶ 28} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.