### In re HANNAH.

[Cite as *In re Hannah* (1995), 106 Ohio App.3d 766.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68249.

Decided Oct. 16, 1995.

John P. Parker, for appellant Burrell Hannah.

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Lori White Laisure, Assistant Prosecuting Attorney, for appellee state of Ohio.

Per Curiam.

Appellant Burrell Hannah appeals an order of the juvenile court finding him delinquent and sentencing him accordingly. Hannah assigns the following for our review:

"The appellant was denied due process, effective assistance of counsel and equal protection of the law when the trial court failed to record all proceedings."

For the reasons set forth below, we affirm the juvenile court's judgment. The apposite facts follow.

Juvenile court arraigned Hannah, a seventeen-year-old, on the delinquency charge of aggravated trafficking of cocaine on July 18, 1994. The court assigned him a public defender. At that hearing, he signed a court document acknowl-

edging that he had received a statement of his rights and consequences of delinquency and unruliness.

Subsequently, on August 3, 1994, Hannah admitted to the charge and received a sentence of confinement to the youth authorities not to exceed his twenty-first birthday. Hannah's mother and his lawyer were present at the hearing.

On the court's docket, a motion for a recording device of all proceedings was time-stamped August 4, 1994, which was one day after the hearing. The August 3, 1994 hearing was not recorded.

■ Hannah concludes recordation should be automatically provided by the juvenile court in all juvenile proceedings when the juvenile's liberty is subject to deprivation. In support of this conclusion, Hannah offers these three premises: recordation is required under the due process, equal protection, and effective assistance of counsel clauses of the Ohio and United States Constitutions; recordation is required to give society confidence in the juvenile court system; and recordation should not be supplanted by App.R. 9(C), which is inadequate because the case load at juvenile court makes it impossible for the judges and the lawyers to remember details of the case to produce a 9(C) statement. The state says this appeal is defective for lack of an adequate record and as such this court should presume correctness by the juvenile court. We hold the issue of recordation of juvenile proceedings has been settled by Juv.R. 37, which likewise resolves the issues in this case. Juv.R. 37 provides for recordation of all juvenile proceedings upon request. When requested, a recording is provided, allowing for a verbatim transcript to be produced. In this case, Hannah did not timely request a recording of the proceedings and thus waived his right to one.

■ Under Juv.R. 37, the onus is on the juvenile's counsel to assess whether he or she needs a recording. This requirement under the rule is neither burdensome to the juvenile nor unconstitutional under the Due Process and Equal Protection Clauses. *In re Wright* (1993), 88 Ohio App.3d 539, 624 N.E.2d 347 (court is required to make a transcript only on the request of a party). A failure to request constitutes a waiver.

By analogy this rule can be compared to the constitutional right to jury trial. Historically, courts have held that a failure to request a jury trial constitutes a waiver. The same rationale applies to this case. Consequently, requiring a juvenile to ask for a recording under Juv.R. 37 is not only constitutional but practical.

■ Besides, Hannah has not argued nor does the record show that the juvenile court refused his request for a recording device to produce a transcript of the August 3, 1994 hearing. Hannah did not provide this court with an adequate record for us to review; therefore, we presume that no error existed for

us to pass upon. Hannah has a duty to provide us with an adequate record, and if he does not, we will presume the trial court acted correctly. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.

To rebut this presumption, Hannah should have utilized App.R. 9(C). App.R. 9(C) provides for an approved statement by the court prepared by the appellant's attorney. A 9(C) statement has been held sufficient to satisfy both due process and equal protection. *In re Eppinger* (Feb. 24, 1994), Cuyahoga App. No. 64968, unreported, 1994 WL 55786. Moreover, this court has held the appellant is required to make a good faith effort to produce one. *State v. Cross* (June 13, 1991), Cuyahoga App. No. 58646, unreported, 1991 WL 106040. An approved 9(C) statement would have resolved the question of whether an error occurred during the August 3, 1994 hearing. However, the only facts before this court are that Hannah admitted to the charge and was properly sentenced. Consequently, we have nothing to pass upon.

■ Hannah, however, argues that he was denied effective assistance of counsel because his attorney did not request a recording of all of the proceedings. We disagree. The failure to request a recording device for a verbatim transcript is not *per se* ineffective assistance of counsel even when the juvenile's liberty is at issue. Reasons exist why an attorney would fail to request a recording. For example, the juvenile appears at the pretrial and decides to admit to the charges, in which case, his counsel decides that a recording device is not necessary. A juvenile's counsel assesses the merits of the case and determines that no recording is necessary because no appeal is contemplated.

■ Regardless of the trial strategy or decision to waive a recording device under Juv.R. 37, the burden is on the juvenile to show that the lawyer breached his duty to provide reasonable representation and to show that the outcome of the case would have been different but for the breach. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Hannah has failed on both counts.

*Judgment affirmed.*

SPELLACY, P.J., PATRICIA A. BLACKMON and KARPINSKI, JJ., concur.