OPINION
Appellant, Kris Tina Kirk, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of her child, Rebecca Kirk, to the child's paternal grandparents.
On September 28, 1994, Rebecca was adjudicated to be an abused, neglected, and dependent child. Appellant was found to have put Rebecca on top of a stove, causing burns to Rebecca's buttocks. Appellant told a Butler County Children Services Board caseworker that she had told Rebecca that "* * * she hated her and wished she was dead and wrapped her fingers around the baby's neck when she said those things." On December 13, 1995, a hearing was held in which a report was introduced that recommended that permanent custody of Rebecca should be granted to the child's paternal grandparents.
On February 2, 1996, the Butler County Court of Common Pleas, Juvenile Division, granted Rebecca's paternal grandparents permanent legal custody. On February 13, 1996, appellant filed an objection to the court's decision on the basis that appellant was in compliance with a case plan, which had been previously formulated as a means by which appellant could regain custody of Rebecca.
The trial court overruled appellant's objection and finalized the granting of custody of Rebecca to her paternal grandparents on February 16, 1996. The court stated in its decision that appellant was both physically and mentally impaired and unable to provide proper parental care for Rebecca. The court found that appellant's mental health "* * * symptoms read like a laundry list of problematic behaviors, almost all of which impact upon her ability to provide parental care in a powerfully negative fashion." Appellant was allowed to have supervised visitation with Rebecca. Appellant now appeals the February 16, 1996 decision, raising two assignments of error.
Assignment of Error No. 1:
 THE MOTHER OF THE CHILD ADJUDICATED ABUSED, NEGLECTED AND DEPENDANT LACKED EFFECTIVE ASSISTANCE OF COUNSEL.
The Ohio Legislature has extended the right of appointed counsel to indigent parents in a parental termination proceeding. R.C.2151.352. The right to counsel includes the right to effective assistance of counsel. McMann v. Richardson (1970), 397 U.S. 759,771, 90 S.Ct. 1441, 1449; Jones v. Lucas Cty. Children Services Bd. (1988), 46 Ohio App.3d 85, 86. The test used to determine whether a parent has been denied effective assistance of counsel in a permanent, involuntary termination of parental rights is the two pronged test in Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
See, also, In Re Brodbeck (1994), 97 Ohio App.3d 652, 657; In re Wise (1994), 96 Ohio App.3d 619, 627.
The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation. In re Hannah (1995), 106 Ohio App.3d 766, 769. Appellant also must show that she was so seriously prejudiced that the result of the trial is unreliable. State v. Green (1993), 66 Ohio St.3d 141, 148.
Appellant claims that she was denied effective assistance of counsel because her appointed counsel was new to the case. Appellant further contends that counsel was unable to obtain evidence favorable to her. Appellant also claims that counsel was unable to familiarize himself with exhibits being offered against her, and therefore did not object to evidence that would not be allowed to be used against her according to the Rules of Evidence.
Appellant's counsel was not new to this case at the time of the December 13, 1995 hearing. According to appellant's counsel's itemized statement of hours worked, counsel had billed the court for over nine hours of work and had received the case almost three months before the hearing. The statement of hours worked includes references to reviewing the case file, interviewing appellant, and reviewing the social summary.
Appellant's brief refers to evidence that would have been favorable to her in the case, but does not specify what that evidence would have been. Appellant claims that the evidence would have shown that she "was working toward reunification and not refusing to abide by the case plan." Without any specific reference to what evidence would have been favorable to appellant, it is impossible to determine whether counsel's conduct was so seriously lacking that he was not functioning as "counsel." Appellant leaves it up to the court to speculate what evidence could have been beneficial.
Appellant has not met the burden of showing how counsel breached the duty to provide reasonable representation, and has not shown that she was so seriously prejudiced that the trial's result is unreliable. The first assignment of error is therefore overruled.
Assignment of Error No. 2:
 THE TRIAL COURT DEPRIVED THE MOTHER OF THE ADJUDICATED ABUSED, NEGLECTED AND DEPENDANT CHILD HER DUE PROCESS RIGHT TO BE HEARD PRIOR TO THE AWARDING OF LEGAL CUSTODY OF HER CHILD TO THE CHILD'S GRANDPARENTS.
Appellant asserts that her due process rights were abridged because the court did not allow her adequate time to present favorable evidence. However, four hearings were held over a one and one-half year period, and BCCSB prepared several evaluations concerning the appellant's fitness as a parent. There is nothing in the record that indicates that appellant asked for additional time to present evidence, or that appellant was otherwise denied the opportunity to present evidence.
Appellant states that she would have presented evidence tending to show that she "was working toward reunification and not refusing to abide by the case plan." However, at the time of the December 1995 custody hearing, appellant had not seen her child for many months, and even failed to visit the child on September 27, 1995, the child's birthday. Appellant had not contacted her caseworker for many months prior to December 1995, and had not completed any of the provisions of her case plan except for a Children's Diagnostic Center evaluation.
Based upon the foregoing, we find that appellant was given ample opportunity to present evidence and that there was no due process violation. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.