Appellant, Darrell Clark, appeals the order of the Mahoning County Juvenile Court finding him delinquent by admitting the charges of aggravated robbery and receiving stolen property.
On November 29, 1995 a complaint was filed in the Mahoning County Juvenile Court against appellant, Darrell Clark, then age sixteen years, alleging that he had received stolen property, in violation of R.C. 2913.51. Appellant was arraigned on November 30, 1995, at which time he admitted the allegations contained in the charge.
On January 10, 1996 another complaint was filed against appellant, this one charging him with aggravated robbery, in violation of R.C. 2911.01. Appellant was arraigned on this charge on January 17, 1996, at which time appellant entered a plea of not guilty. At that time, a dispositional hearing on the receiving stolen property charge and a merits hearing on the aggravated robbery charge were both set for February 13, 1996. At the hearing on February 13, 1996, appellant withdrew his prior plea of not guilty and entered a plea of admission to the charge of aggravated robbery. The trial court accepted the plea and entered a finding of delinquency as to both complaints.
Final disposition was set for March 25, 1996, at which time appellant received a sentence of six months incarceration for the receiving stolen property charge, and for the aggravated robbery charge appellant received an indefinite term consisting of a minimum period of three years and a maximum term not to exceed his twenty-first birthday. The trial court ordered the sentences to run consecutively.
On September 3, 1996, appellant filed a notice of appeal and a motion for leave to file a delayed appeal from the trial court's order, which this court granted on March 17, 1997.
Appellant's sole assignment of error on appeal states:
 "THE JUVENILE COURT JUDGE FAILED TO COMPLY WITH JUV.R. 29(D) WHEN HE FAILED TO INQUIRE WHETHER THE APPELLANT UNDERSTOOD THE NATURE OF THE ALLEGATIONS OF HIS CHARGES AND INFORM THE APPELLANT OF HIS RIGHT TO REMAIN SILENT. AS SUCH, THE APPELLANT'S PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE."
Appellant argues that the trial court failed to inquire of appellant whether he understood the nature of the charges against him and failed to inform appellant that he had a right to remain silent at the adjudicatory hearing, both of which are required by Juv.R. 29(D). Particularly, appellant claims that with respect to the charge of receiving stolen property the trial court failed to inform appellant of any of the constitutional rights set forth in Juv.R. 29(D)(2) and failed to inquire as to whether appellant understood the nature of the allegation against him. However, on the charge of aggravated robbery appellant concedes that the trial court informed him of all said rights except for the right to remain silent. Accordingly, appellant argues that his pleas of admission were not entered knowingly, intelligently and voluntarily, and must be reversed to permit appellant to plead anew.
Appellant notes that nowhere in the transcript of proceedings does the trial court inform appellant of his right to remain silent. In addition, while appellant concedes that the trial court took great pains to explain to him the consequences of his admissions, the trial court made no attempt to ascertain whether he understood the nature of the allegations against him. While appellant recognizes that a trial court need not inform a minor of each element of an offense, in the instant case, appellant claims that the trial court failed to mention any of the elements or explain the charges to appellant. In addition, with respect to the charge of aggravated robbery, appellant argues that the record indicates that appellant was confused and uncertain about entering his plea and appeared to be pressured by his counsel into entering the plea.
In response, appellee, State of Ohio, argues that only "substantial compliance" with Juv.R. 29(D) is required when a trial court accepts a juvenile's admission, (citing In reChristopher R. [1995], 101 Ohio App.3d 245). Appellee notes that the plea form signed by appellant following the November 30, 1996 appearance on the receiving stolen property charge is evidence that this plea was made knowingly, intelligently and voluntarily. With respect to the aggravated robbery charge, appellee notes that contrary to appellant's claim, the record shows that appellant understood the nature of the charges against him, the rights he was waiving by entering a plea of admission, and the possible consequences of such a plea. According to appellee the totality of the circumstances more than sufficiently demonstrates that appellant's pleas were entered in substantial compliance with Juv.R. 29 (D).
Juv.R. 29 (D) provides:
 "(D) Initial Procedure Upon Entry of an Admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
The purpose of Juv.R. 29(D) is to ensure that minors are afforded their due process right to fundamentally fair treatment in juvenile court proceedings. In re Miller(1997), 119 Ohio App.3d 52,57. Before accepting a minor's admission, the court must personally address the minor and determine that he or she is making the admission voluntarily, and that he or she understands the rights that are waived by entering an admission. Id. Strict adherence to the procedures imposed by Juv.R. 29 is not constitutionally mandated. See In re Beechler(1996), 115 Ohio App.3d 567,572. Rather, a valid plea requires only substantial compliance with its provisions. See In re Hendrickson(1996),114 Ohio App.3d 290, 292; In re Brooks(1996), 112 Ohio App.3d 54,57. However, the failure of a lower court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Beechler, supra.
With regards to appellant's admission to the charge of receiving stolen property made on November 30, 1995, we note that no transcript of the proceedings has been filed with this court. Although appellant was represented by counsel at the time of his admission to the charge of aggravated robbery, the magistrate's decision and the trial court's judgment entry indicate that appellant waived his right to counsel at his arraignment on the receiving stolen property charge. In appellant's brief, counsel for appellant states that he is unsure of whether or not these proceedings were recorded. The aforementioned magistrate's decision and judgment entry also contain boilerplate language to the effect that appellant was advised of all procedural and constitutional rights, including the right to counsel. Attached to the judgment entry is a waiver form stating that appellant was advised of the nature of the charge and the possible consequences, and of the right to remain silent. The waiver form is signed by appellant and his guardian.
Although it has since been amended, at the time of appellant's arraignment, Juv.R. 37(A) did not require proceedings in juvenile courts to be recorded. Rather, under the prior version of Juv.R. 37, juvenile court proceedings were not required to be recorded, unless a party so requested. In the Matter of Dikun(Nov. 28, 1997), Trumbull App. No. 96 T 5558, unreported. In addition, Juv.R. 29(B)(5) states as follows:
 "(B) Advisement and Findings at the Commencement of the Hearing. At the beginning of the hearing, the court shall do all of the following:
"* * *
 "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent." (Emphasis added.)
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. However, there is an exception to this principle of waiver.
 "Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, that waiver must affirmatively appear on the record. A knowing and intelligent waiver will not be presumed from a silent record." In re East
(1995), 105 Ohio App.3d 221, 224. (Internal citations omitted.)
As the United States Supreme Court has stated:
 "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record." (Internal citations omitted.) Boykin v. Alabama(1969), 395 U.S. 238, 243
Some courts in Ohio have held that the failure to request a transcript of proceedings in a juvenile delinquency hearing under the former Juv.R. 37 constitutes a waiver of the right to such a record, from which a reviewing court could presume the validity of the trial court's proceedings. See, e.g., In re Hannah(1995),106 Ohio App.3d 766; In re Fambro(Mar. 28, 1997), Clark App. No. 96 CA 0006, unreported; In the Matter of Parra(Nov. 22, 1995), Cuyahoga App. No. 68891, unreported. Some of the courts so holding reasoned that such a presumption could have been overcome by reconstructing the record through one of the means provided for in App.R. 9. See Hannah, supra, at 769 ("To rebut this presumption, Hannah should have utilized App.R. 9 (C)"); In theMatter of Hughes(Aug. 4, 1994), Cuyahoga App. No. 64910, unreported, at **2("burden may be fulfilled by filing a verbatim transcript pursuant to App.R. 9(B), filing a narrative statement of the evidence as provided in App.R. 9(C), or by filing an agreed statement of the record filed pursuant to App. R. 9(D)").
Mindful that a waiver of constitutional rights could not be presumed from a silent record, other courts have nonetheless been reluctant to require a transcript of proceedings where the prior version of Juv.R. 37 did not require one absent a request. SeeDouglas v. Boykin(1997), 121 Ohio App.3d 140; East, supra; In reAdams(Sept. 12, 1996), Cuyahoga App. No. 69087, unreported.
 "Courts construing the old [Juv.R. 37] struck a balance between these competing directives by holding that a juvenile's plea to charges could be upheld, despite the absence of a transcript of the proceedings, where otherwise the record was not absolutely silent, i.e., where there was some indication in the court's paperwork that the juvenile was informed of his constitutional rights, including his right to counsel, and that the juvenile waived those rights." Dikun, supra, at *1
In other words, the state could prove a valid waiver despite the absence of a transcript as long as there was some affirmative demonstration of a waiver on the record. See Boykin, supra,
(finding record contained affirmative evidence that defendant waived his right to counsel); Adams, supra(holding record was not silent where documents in the record showed defendant was advised of right to counsel and waived it). See, also, In reKriak(1936), 30 Ohio App.3d 83(plea vacated where no transcript and no indication in court's paperwork that right to appointed counsel waived)
This court is similarly reluctant to require a transcript where the version of Juv.R.37 in effect at the time of the hearing did not require one absent a request. In the instant case, for the charge of receiving stolen property the magistrate's decision/judgment entry states that:
 "Subject child, after first being advised of all procedural and constitutional rights, including the right to counsel and a continuance herein, asserts said rights and admits the allegation as it appears in the complaint."
The waiver form attached to the judgment entry is a boilerplate document listing some of appellant's rights and stating that appellant was advised "of the nature of the charge[s] against him/her and the possible consequences and dispositions pursuant to O.R.C. 2151.355 and O.R.C. 2151.354' and that "he/she need make no statement and that any statements made may be used against him/her.' On the document, the magistrate has indicated by way of check marks that appellant "waives his/her right to counsel," that appellant "enters a plea of guilty to count[s] * * *" and that appellant "waives any defects in service of summons and acknowledges that he/she was furnished a copy of the complaint.
Contrary to appellant's assertion, the record is not silent with respect to appellant being informed of his right to remain silent. The statement pertaining to the making of statements included in the waiver form constitutes "some indication in the court's paperwork" that appellant was informed of this constitutional right. Dikun, supra. In addition, the waiver form states that appellant was informed of the nature of the charges against him and of the possible consequences. Although appellant claims the trial court failed to inform him of any of his constitutional rights or about the nature of the charges, the record before this court indicates otherwise. Because we are not presented with a silent record, we presume the validity of the lower court's proceedings, and affirm its decision as it relates to the charge of receiving stolen property.
Turning to appellant's admission on the charge of aggravated robbery, the transcript of proceedings fails to demonstrate that the trial court substantially complied with Juv.R. 29(D)(1) or (2). While the trial court certainly explained to appellant the consequences of the admission, including the potential sentence appellant would face, there is nothing to suggest that the trial court adequately determined whether appellant had any "understanding of the nature of the allegations" against him. The trial court did not read the complaint into the record nor did it ask appellant if he had understood the nature of it. Although the trial court was not required to inform appellant of each element of the offense, it was required to ensure that appellant understood the charge brought against him. See In re Flynn
(1995), 101 Ohio App.3d 778, 782. During the first attempt to accept the admission, the trial court stated:
 "Do you understand that after January 2, 1996, it's alleged that you committed an offense of aggravated robbery; do you understand that?"
Appellant responded "Yes." (Tr. 9). Shortly thereafter, the trial court called a recess because appellant stated that he did not know whether or not he wished to maintain his plea of admission to the charge. When the proceedings resumed, the following transpired:
 "Q Is it now your intent to admit to the charge of aggravated robbery?
"A Yes.
 "Q That's alleged to have occurred January 2nd?
"A A hun. [sic.]
 "THE COURT: I don't think we have any problem with the prior plea?
 "MR. MAGER [counsel for appellant]: No, Your Honor.
 "Q I have been through that in detail. Do you understand again clearly, and if you don't understand, please speak up, or if there is anything that you have questions about, now is the time to raise those, okay?
"A A huh." (Tr. 13-14)
While the trial court encouraged appellant to raise any concerns he had, Juv.R. 29 places an affirmative duty on the trial court to ensure that appellant, and not merely his attorney, understands the nature of the allegations. Beechler, supra, at 571. As the court in Beechler stated: "[t]he test for the accused delinquent's understanding of the charges is subjective, rather than objective, in that it is not sufficient that a hypothetical reasonable party would understand. The party actually before the court must do so." Id. The trial court did not discuss the nature of the allegations with appellant and this court will not presume that appellant understood them.
With respect to Juv.R. 29(D)(2), the record fails to indicate that appellant was advised of his right to remain silent and that by entering an admission, he was waiving that right. Although appellant was advised of his right to present evidence on his own behalf and to confront and cross-examine witnesses, there was simply no mention of his right to remain silent at any trial or adjudication hearing. This court will not presume that appellant understood that a trial would encompass this right. See Flynn,supra, at 783.
A review of the record indicates that in accepting appellant's admissions to the charges of aggravated robbery the trial court failed to substantially comply with Juv.R. 29(D). Appellant's assignment of error, as it relates to this charge, is with merit.
Accordingly, the adjudication of delinquency on the charge of aggravated robbery is reversed to permit appellant to plead anew. In all other respects the decision of the trial court is hereby affirmed.
Cox, J., concurs
Waite, J., concurs
APPROVED:
 ___________________________________ Gene Donofrio Judge