This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Karen O'Neill, has appealed from the denial of her motion for the legal custody of her grandson, Cade Colling[1], by the Summit County Court of Common Pleas, Juvenile Division. We affirm.
 I.
On July 31, 2000, the Summit County Children's Services Board ("CSB") filed a sworn complaint, alleging that Cade Colling, born on March 23, 1998, was a dependent, neglected, and endangered child, and sought emergency temporary custody of the child. The reason for CSB's involvement was that the agency had received a referral, claiming that his mother, Sabrina Brady,[2] left the child alone in a car after returning from the grocery store. CSB's subsequent investigation revealed that the child was dirty and unhealthy and the home was unsafe and unsanitary. The child had bug bites all over his body and some open sores. He was wearing old diapers, his feet were black, and his face and hair were dirty. His bed sheets were dirty, with a black wet spot in the middle. Portions of the ceilings and walls of the home were falling due to water damage. There was trash all over and bugs flying everywhere. The bathroom was filthy, with standing brown water in the shower stall. The child's bedroom was flooded with water and had clothes all over the floor.
Upon observing the condition of the child and the home, the caseworker left briefly in order to get the police to help her in the exercise of Juv.R. 6. When the caseworker and police returned, they discovered that the mother and child were gone. The caseworker eventually located the mother at the home of a relative, and, upon request, the mother agreed to bring the child to the CSB offices. The police determined that the child was living in unsanitary conditions, charged the mother with child endangering, and took the child into custody pursuant to Juv.R. 6.
At the shelter care hearing, the mother explained that she had left the premises in order to find new housing, but also stated that she presently had no other place to live. The mother requested that the child be placed with either his grandmother, appellant herein, or his maternal aunt. The magistrate placed the child in the temporary custody of CSB, with supervised visitation offered to the mother. The magistrate also instructed CSB to investigate the possibility of relative placement, but with care to protect against any removal of the child by the mother. The magistrate appointed counsel for the mother and a guardian ad litem for the child.
At the adjudicatory hearing, the parties stipulated to a finding of dependency, and the allegations of neglect were dismissed. In addition, the parties agreed that it was in the best interests of the child that he be placed in the temporary custody of CSB. A case plan was developed for the mother, father, and the child, but compliance by the parents was very poor. Two review hearings were conducted, with no change in custodial arrangements. CSB filed a motion for permanent custody of the child on May 25, 2001, and the matter was set for hearing on June 28, 2001.
Appellant filed a pro se motion for legal custody on June 14, 2001 and completed a request for appointment of counsel on June 19, 2001. The court appointed counsel for appellant two days later, on June 21, 2001.
At the beginning of the hearing, appellant's attorney stated that he had learned of his appointment only three days before and requested a continuance because he could not "properly prepare for this hearing in three days." The trial court denied the motion, commenting on the lengthy pendency of the case. Following the hearing, the juvenile court denied appellant's motion for legal custody and granted permanent custody of the child to CSB.
 II.
Appellant, represented by new counsel, appeals from the decision of the juvenile court and asserts two assignments of error for review. The parents of the child have not appealed. This court will address the two assignments of error together, because appellant made a single argument and also because the issues are interrelated.
 First Assignment of Error THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR CONTINUANCE WHEN APPELLANT WAS APPOINTED COUNSEL SEVEN DAYS PRIOR TO THE PERMANENT CUSTODY TRIAL.
 Second Assignment of Error THE TRIAL COURT ERRED IN FAILING TO APPOINT APPELLANT COUNSEL UNTIL SEVEN DAYS PRIOR TO TRIAL THUS DENYING APPELLANT HER FUNDAMENTAL RIGHT TO COUNSEL[.]
Through these two assignments of error, appellant asserts that she was statutorily entitled to appointed counsel because she was a grandmother who had "provided for" her grandchild. She contends that the juvenile court, therefore, erred in appointing counsel for her just seven days prior to the hearing. She further contends that the juvenile court abused its discretion when it denied appellant's request for a continuance because counsel did not have sufficient time to prepare for the case. This resulted, she concludes, in a denial of her right to counsel.
 A. Right to Counsel
Ohio provides a statutory right to appointed counsel in juvenile proceedings that goes beyond constitutional requirements. State ex rel.Asberry v. Payne (1998), 82 Ohio St.3d 44, 46. R.C. 2151.352 provides in relevant part:
 A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person.
(Emphasis added.) Similarly, Juv.R. 4(A) provides in relevant part:
 Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding.
(Emphasis added.) Thus, pursuant to R.C. 2151.352 and Juv.R. 4(A), children or parents are guaranteed the right to counsel and, if indigent, the right to appointed counsel. In general, it will be apparent that certain individuals are before the court as children or parents, and the court will be able to ensure that they are represented by counsel. However, Ohio law also protects the right to counsel for custodians, individuals in loco parentis, and parties to the action. Persons who might satisfy these categories are not necessarily as readily identifiable as are children and parents. The single fact that an individual is a grandparent to the subject child will not guarantee a right to counsel for that individual in juvenile proceedings.[3]
Instead, a grandparent must also be a custodian, stand in loco parentis, or be a party to the action in order to be entitled to counsel. Thus, an indigent grandparent is, similarly, not entitled to appointed counsel unless he or she is also a custodian, stands in loco parentis to the child, or is a party to the action.
Because the identity of a custodian or one who stands in loco parentis
is not always readily apparent, one who would claim such status has some obligation to bring this fact to the attention of the trial court, so that counsel may be appointed in an appropriate case. Courts are not omniscient and cannot, either in theory or in practice, determine when a grandparent — or other individual — may come within one of these categories. Consequently, it is incumbent upon the individual to bring to the court's attention the fact that they may come within a category that entitles them to counsel.
In the present case, the grandmother did not do so, but contends on appeal that the juvenile court should have appointed counsel for her sooner. In support of her position that a grandparent who has "provided for her grandchild" is entitled to counsel, appellant has cited State exrel. Asberry v. Payne (1998), 82 Ohio St.3d 44. In that case, the Ohio Supreme Court held that the maternal grandmother was entitled to appointed counsel in a custody dispute between the biological father and herself. Id. The basis for the court's holding, however, was that the grandmother had assumed the duties of custodian of the child for thirteen years and, therefore, had attained the status of in loco parentis. Id. at 49, fn. 2.
While appellant claims that she "provided" for her grandchild, she fails to explain exactly what she did for the child. The record does not indicate that she had ever been the custodian of the child or stood inloco parentis to him. Neither does the record indicate that she ever exercised any significant parental control nor that she assumed any parental duties for the benefit of her grandson. Cf. In re Schmidt
(1986), 25 Ohio St.3d 331, 337. Until CSB took custody of the child in July of 2000, the child had always been in the sole custody of his mother. While the mother had no stable home for herself and her child, they lived with appellant for only two months and spent the remainder of their twenty-eight months together living with other relatives, out of a car, or in the very unsatisfactory residence from which the child was ultimately removed. This, without more, does not constitute the degree of care that Ohio law requires for entitlement to appointed counsel in a juvenile proceeding.
This leads to the conclusion, then, that appellant was not entitled to counsel unless and until she became a party to the action. While R.C. Chapter 2151 and the Rules of Juvenile Procedure are to be liberally construed so as to protect the interests of all concerned, R.C. Chapter 2151 does not require that extended family members be made parties to custody proceedings. In re Schmidt, 25 Ohio St.3d at 337. However, appellant could become a party to this action by filing a motion for legal custody, the court accepting it, and so designating her. See Juv.R. 2(Z). At that point, assuming indigency, she was entitled to appointed counsel. R.C. 2151.352; Juv.R. 4(A).
In the present case, an attorney was appointed to represent appellant within two days after she completed an affidavit of indigency and requested appointed counsel. Contrary to appellant's assertion that counsel should have been appointed sooner, there was no reason for the juvenile court to consider appointing counsel for her until appellant filed a motion for legal custody, or otherwise indicated her interest in becoming a party to this action. The appointment of counsel for appellant within two days of her request for counsel is reasonable. Consequently, appellant has not established that she was denied her right to counsel by the juvenile court.
Further, to the extent that appellant contends that she was denied theeffective assistance of counsel, appellant has an obligation to demonstrate not only a deficient performance, but also, resultant prejudice. State v. Bradley (1989), 42 Ohio St.3d 136, 141-42, followingStrickland v. Washington (1984), 466 U.S. 668, 687-88, 80 L.Ed.2d 674,693. The burden rests upon appellant to show how counsel breached his duty to provide reasonable representation and to show that there exists a reasonable probability that the outcome of the case would have been different, but for the breach. In re Hannah (1995), 106 Ohio App.3d 766,769; Cf. Toledo v. Gaines (Mar. 12, 1993), Lucas App. No. L-92-278, unreported, 1993 Ohio App. LEXIS 1385. (Denial of continuance was an abuse of discretion, where counsel was appointed hours before trial and needed time to investigate circumstances suggested by client which, if proven, would constitute a defense to the crimes charged). Appellant has not indicated, either at trial or in her appellate brief any deficiencies by trial counsel. She has not indicated any witnesses that were not called, questions not asked, discovery not conducted, or otherwise explained why the available time was insufficient. Counsel did not indicate an inability to consult with his client or review the file. He did not state that he was unable to investigate issues or talk to potential witnesses. Further, no argument regarding prejudice was made in appellant's brief to this court. Accordingly, we also find that appellant was not denied the effective assistance of counsel.
 B. Denial of Motion for Continuance
We next consider appellant's contention that the juvenile court abused its discretion when it denied her motion for continuance. The granting or denial of a request for a continuance is a matter that resides within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981),67 Ohio St.2d 65, 67. In order to find an abuse of discretion, a reviewing court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. Id.
In determining whether a trial court abused its discretion in denying a continuance, an appellate court balances a court's right to control its own docket and the public interest in the prompt and efficient dispatch of justice against any potential prejudice to the moving party. Unger,
67 Ohio St.2d at 67. "`There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" Id., quoting Ungar v. Sarafite (1964), 376 U.S. 575,589, 11 L.Ed.2d 921, 931. In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested or received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons; (5) whether the moving party contributed to the circumstance which gives rise to the need for a continuance; and (6) other relevant factors, depending on the unique facts of the case Unger,67 Ohio St.2d at 67-68.
In the present case, counsel did not identify specific reasons for his motion for continuance, nor did he indicate a time frame. While this was the first request for a continuance by this party, the grandmother was aware or should have been aware of these proceedings and the living conditions of her daughter and grandson for at least eleven months.[4]
Counsel did not move for a continuance until the start of the hearing, with all parties present and witnesses subpoenaed to appear. The judge, four attorneys, a guardian ad litem, and a CSB caseworker were present and prepared to proceed with the scheduled hearing. The inconvenience to the parties, counsel, and the court would, therefore, have been significant if a continuance were granted. Further, since this was a child custody matter, the need for disposition without further delay was important to the child as well as to the parties and the court. Based upon these facts, we conclude that the trial court did not abuse its discretion in denying appellant's motion for a continuance on the day of the hearing.
Furthermore, this assignment of error must be overruled for the additional reason that appellant has failed to demonstrate prejudice due to the denial of the continuance. Other than to say he needed more time to prepare, counsel did not indicate any reason why a continuance was needed. Trial counsel cross-examined the witnesses called by the prosecutor and presented appellant as a witness on her own behalf. As indicated above, appellant has not indicated any deficiencies by trial counsel. Thus, even if the trial court's denial of the motion for continuance could be viewed as an abuse of discretion, appellant has failed to establish that she was prejudiced by that action. See In reMiller (Sept. 23, 1998), Summit App. No. 18872, unreported.
Accordingly, this court cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in denying appellant's motion for a continuance, or, even if it could be viewed as having done so, appellant has failed to demonstrate any prejudice arising therefrom.
 III.
Appellant's two assignments of error are overruled. The judgment of the juvenile court denying appellant's motion for legal custody is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., SLABY, J. CONCUR.
[1] We note that the initial complaint in this matter was brought in the name of Cade Kolling, but the caption of the Judgment Order and Entry of the juvenile court is in the name of Cade Colling. In the interest of consistency, we have referred to the child here as Cade Colling.
[2] The father of the child was established to be Richard Kolling. Mr. Kolling has no current involvement in the child's life and his whereabouts were not discovered until late in these proceedings. He was served with notice of this matter by publication and appeared for the final hearing, which resulted in a termination of his parental rights.
[3] However, a grandparent, whose child is still a child, may be a party to a juvenile proceeding in regard to the child of that child. Juv.R. 2(Z).
[4] Prior to the institution of the present action, the mother and child were involved in a "voluntary case plan" with CSB for over a year in which CSB attempted to address housing, homemaking, parenting, and child developmental issues.