DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the decision of the Scioto County Court of Common Pleas in which Defendant-Appellant Kenneth E. Layne pled guilty to failure to comply with the order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a)(ii).
 {¶ 2} Appellant argues, inter alia, that his trial counsel was ineffective because she filed a motion for continuance that tolled the running of the statutory deadline for initiating a trial five days prior to its deadline.
 {¶ 3} We find this argument to be without merit and affirm the judgment of the trial court.
 I. Proceedings Below {¶ 4} On January 27, 2001, Defendant-Appellant Kenneth E. Layne was arrested for allegedly steering his automobile toward a police officer who had signaled him to pull over.
 {¶ 5} On March 5, 2001, the Scioto County Grand Jury indicted Defendant-Appellant Kenneth E. Layne on two counts: count one, felonious assault, a first-degree felony in violation of R.C. 2903.11(A)(2) and (D); and count two, failure to comply with the order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a)(ii).
 {¶ 6} On or about April 24, 2001, Layne was provided notice that the trial court had scheduled May 7, 2001, as the date for the jury trial to commence.
 {¶ 7} On April 25, 2001, Layne's trial counsel filed a motion to compel discovery.
 {¶ 8} On April 26, 2001, Layne's trial counsel filed a motion for continuance, stating that she had received notice of the trial date only two weeks before the trial was to begin, that she needed more time to prepare because the state had not responded to her discovery demand, and because she had previously planned to take a vacation from May 1 to May 5, 2001.
 {¶ 9} The trial court granted the motion for continuance and rescheduled the date for the jury trial to commence on May 21, 2001.
 {¶ 10} On May 11, 2001, Layne entered into a plea agreement with the state. In exchange for the dismissal of count one, Layne pled guilty to count two. The trial court accepted this plea agreement and sentenced Layne to three-years imprisonment.
 {¶ 11} We note that Layne, in lieu of posting bail, was in jail from the date of his arrest until the day he pled guilty.
 II. The Appeal {¶ 12} Layne timely filed this appeal, assigning the following errors for our review.
 {¶ 13} First Assignment of Error: "Kenneth Layne was deprived of the effective assistance of counsel under the Ohio and United States constitutions because his attorney filed a motion that tolled speedy trial time five days prior to its expiration."
 {¶ 14} Second Assignment of Error: "A guilty plea is not entered knowingly, intelligently and voluntarily pursuant to the Ohio and United States constitutions when counsel tolls speedy trial time five days prior to its expiration."
 {¶ 15} In Layne's First and Second Assignments of Error, he argues that his trial counsel was ineffective because she filed a motion that tolled the running of the statutory deadline for initiating a trial in this case just five days prior to its deadline. Thus, Layne maintains, had he known of this supposed error, he would not have pled guilty. We find this argument to be without merit.
 A. Strickland Analysis {¶ 16} The burden rests upon the appellant to demonstrate how counsel breached the duty to provide reasonable representation. See In reHannah (1995), 106 Ohio App.3d 766, 769, 667 N.E.2d 76, 78.
 {¶ 17} For an appellant to succeed on a claim of ineffective assistance of counsel, he must satisfy the elements of the two-pronged analysis set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. See State v. Ballew (1996), 76 Ohio St.3d 244, 667 N.E.2d 369, citing Strickland v. Washington, 466 U.S. at 668, 104 S.Ct. 2052. TheStrickland test requires an appellant to prove, first, that his trial counsel was deficient, and, second, that this deficiency prejudiced his case. See State v. Sheppard (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770,771, citing State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
 {¶ 18} Because of the difficulties inherent in determining whether a lawyer's performance was deficient in any given case, a strong presumption exists that a licensed attorney is competent, and that his conduct fell within the wide range of reasonable, professional assistance. See State v. Bradley, 42 Ohio St.3d at 142,538 N.E.2d at 380.
 B. Calculating Speedy-Trial Time {¶ 19} The right to a speedy trial is guaranteed by the United States and Ohio constitutions. See State v. Adams (1989), 43 Ohio St.3d 67,538 N.E.2d 1025. The Ohio Revised Code has codified these principles in R.C. 2945.71, 2945.72, and 2945.73. See, e.g., State v. Mays (1996),108 Ohio App.3d 598, 671 N.E.2d 553.
 {¶ 20} R.C. 2945.71 provides that a person charged with a felony must be brought to trial within two hundred seventy days after his arrest. See R.C. 2945.71(C). This statute goes on to provide that, if an accused is held in jail in lieu of bail, then each day is to be counted as three days. See R.C. 2945.71(E).
 {¶ 21} R.C. 2945.72 provides several exceptions to the two-hundred-seventy-day rule which serve to toll the time for purposes of calculating speedy-trial time. In the instant case, one such exception applies: "the period of any reasonable continuance granted on the accused's own motion." R.C. 2945.72(H).
 {¶ 22} R.C. 2945.73 states, in pertinent part, that, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial with the time required by [R.C. 2945.71 and 2945.72]." R.C. 2945.73(B).
 {¶ 23} Here, Layne maintains that, because he was in jail in lieu of bail, each day he was in jail awaiting trial was to be counted as three days. Thus, he concludes, the trial date scheduled by the trial court was outside the speedy-trial limit. Thus, he argues, because his trial counsel filed a motion that tolled the running of this time, instead of merely awaiting the deadline to pass, he was denied his right to effective assistance of counsel.
 C. Trial Strategy {¶ 24} We begin our analysis by determining whether the decision faced by Layne's trial counsel — whether to file for a continuance or await a potential speedy-trial violation — is an issue of trial strategy. We find that it is.
 {¶ 25} In State v. Traylor (Mar. 7, 1988), Warren App. No. CA87-05-044, unreported, the Twelfth District Court of Appeals dealt with this precise issue and explained the following:
 {¶ 26} "[E]ven if a continuance was not requested, [the] appellant would not have been entitled to a discharge for lack of a speedy trial. Furthermore, the continuance was requested because counsel needed more time to prepare for trial. If counsel was not prepared to go to trial, the failure to request a continuance might be perceived as a violation of counsel's duty `to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.' [Strickland v.Washington, 466 U.S. at 688, 104 S.Ct. at 2065]. The additional time for trial preparation would be necessary in order for counsel to fulfill his duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." [Id. at 691,104 S.Ct. at 2066]. The accused must show that the representation was unreasonable and that the challenged action was not sound trial strategy. * * *. We perceive no violation of an essential duty in counsel's challenged action. If counsel was unprepared for trial, then his duty was to request a continuance. Had counsel relied entirely on a potential speedy trial dismissal, and if a motion for such had been denied by the trial court, counsel would have thrust both himself and his client into the unenviable position of trying a case for which he was unprepared." State v. Traylor, supra.
 {¶ 27} Thus, as the Traylor Court aptly explained, there are significant strategic and tactical reasons why a lawyer might choose to file for a continuance in lieu of awaiting a potential speedy-trial violation.
 {¶ 28} It is imperative that reviewing courts refrain from second-guessing strategic and tactical decisions of trial counsel. SeeState v. Treesh (2001), 90 Ohio St.3d 460, 489, 739 N.E.2d 749, 778
("trial strategy * * * will not be second-guessed by a reviewing court."); see State v. Jackson (2001), 92 Ohio St.3d 436, 447,751 N.E.2d 946, 961.
 {¶ 29} The reason for this deference could not be better illustrated than in the present case. Should we adopt the argument of Layne, then future trial lawyers presented with this situation would be caught at an impasse: if the trial counsel chose to file a motion for continuance, then her assistance could be perceived to be deficient because she should have awaited the potential speedy-trial violation; however, if the trial counsel chose to await the potential speedy-trial violation and then lost on a motion to dismiss on that basis, then her assistance could be perceived to be deficient because she went to trial unprepared.
 {¶ 30} It is for this reason that appellate courts are not in the business of instructing trial lawyers how to conduct the strategic and tactical components of their cases. Absent a demonstration that the trial counsel failed to adequately consider her client's best interests, trial lawyers must be free to use their learned judgment in resolving strategic and tactical issues on a case-by-case basis.
 D. Unversed in Rules {¶ 31} Layne suggests that his trial counsel's decision to file the motion for continuance was done out of ignorance of the speedy-trial statutes. We find this argument to be based entirely on evidence outside the record. Layne has failed to point to a single instance in the record wherein his trial counsel evinced a misunderstanding or ignorance of these rules.
 {¶ 32} In State v. Zajdel (Sept. 5, 1997), Athens App. No. 96CA1770, unreported, we were presented with this same situation: "[I]t is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. * * *. [W]e decline to consider appellant's claim his trial counsel was ineffective for filing the various defense motions in this case. We believe a determination on this issue requires consideration of evidence which is outside the record presently before this court * * *." Zajdel, supra.
 {¶ 33} The only evidence in the record of the intentions of Layne's counsel was that set forth in her motion for continuance. There, she stated that she filed the continuance on the basis that she feared she would not be adequately prepared for trial. In her memorandum in support of this motion, she provided her reasons for this: that she had not received notice of the trial date until two weeks before the trial was to begin; she noted that she had yet to receive a response from the state in regard to her discovery request; and, finally, she noted that she had planned to take a vacation from May 1 to May 5, 2001.
 {¶ 34} Absent sufficient evidence in the record demonstrating otherwise, we must take trial counsel's justification in her motion and supporting memorandum at face value and presume she considered the strategic and tactical ramifications inherent to such a decision. Thus, we follow Zajdel, and decline to address Layne's argument in this regard.
 III. The Conclusion {¶ 35} Initially, we determined that the decision faced by Layne's trial counsel — whether to file for a continuance or await a potential speedy-trial violation — is an issue of trial strategy. Thus, it was incumbent on Layne to demonstrate that his trial counsel failed to adequately consider his best interests when she made the strategic decision to file a motion for continuance. As we found that the grounds for his argument in this regard were based on evidence entirely outside the record, we declined to address the merits of his argument.
 {¶ 36} For the foregoing reasons, we find that Layne has failed to demonstrate that his trial counsel was deficient pursuant to theStrickland test. Therefore, we overrule Layne's First and Second Assignments of Error and affirm the judgment of the Scioto County Court of Common Pleas.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.