DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Shannon Brunett appeals his two convictions for aggravated vehicular assault, violations of R.C. 2903.08, which are third-degree felonies in this case. Appellant asserts that he received ineffective assistance of counsel. Appellant also appeals the sentence imposed by the Ross County Court of Common Pleas, arguing that the trial court erred in ordering that his sentences be served consecutively.
 {¶ 2} For the reasons that follow, we disagree with appellant's arguments and affirm the judgment of the trial court.
 The Proceedings Below {¶ 3} On the evening of December 13, 1998, Defendant-Appellant was traveling westbound on State Route 180 in Ross County, Ohio, by automobile. His four-year-old daughter was a passenger in the front seat of the vehicle. While traveling at speeds in excess of fifty m.p.h., appellant, evidently, was operating his vehicle rather closely to the vehicle in front of him, driven by Brian Ramsey.
 {¶ 4} Appellant followed Ramsey's vehicle for some distance and attempted to pass the vehicle. At the time appellant attempted to pass Ramsey's vehicle, they were approaching a hill and both vehicles were traveling in a no-passing zone. Unfortunately, as appellant attempted to pass Ramsey, appellant collided "head on" with another vehicle driven by Betty Short.
 {¶ 5} Appellant, appellant's daughter, and Betty Short were all injured in the collision. Appellant's daughter was injured so seriously that she needed to be life-flighted to the hospital. Betty Short was taken to the nearest hospital but, due to the seriousness of her injuries, was transferred to another hospital better equipped to handle her injuries.
 {¶ 6} Appellant's daughter suffered fractures to both of her legs, a lacerated liver, and facial lacerations. Betty Short suffered a fractured neck, wrist and rib injuries, chest injuries, and a broken eye socket. Both victims spent a considerable amount of time in the hospital.
 {¶ 7} Appellant was subsequently indicted on two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A). Appellant's charges were classified as third-degree felonies because appellant had previously been convicted for vehicular homicide, a violation of R.C. 2903.07.
 {¶ 8} In September 2001, a jury convicted appellant of the indicted charges.
 {¶ 9} Subsequently, the trial court sentenced appellant to four years incarceration on each charge. The trial court further ordered that the sentences be served consecutively.
 The Appeal {¶ 10} Appellant timely filed a notice of appeal and presents the following assignments of error for our review.
 {¶ 11} First Assignment of Error: "Appellant was deprived of his right to effective assistance of counsel where counsel failed to request a competency examination prior to trial to determine Appellant's ability to stand trial and assist in his own defense."
 {¶ 12} Second Assignment of Error: "The trial court erred in sentencing defendant to consecutive sentences where it failed to state the reasons for its findings as required by R.C. 2929.14(E) and R.C. 2929.19(B)."
 I. Ineffective Assistance of Counsel {¶ 13} In his First Assignment of Error, appellant asserts that his trial counsel was ineffective because he failed to request a competency examination.
 {¶ 14} The burden rests upon the appellant to demonstrate how counsel breached the duty to provide reasonable representation. See In reHannah (1995), 106 Ohio App.3d 766, 667 N.E.2d 76.
 {¶ 15} For an appellant to succeed on a claim of ineffective assistance of counsel, he must satisfy the elements of the two-pronged analysis set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. See State v. Ballew, 76 Ohio St.3d 244, 1996-Ohio-81,667 N.E.2d 369, citing Strickland v. Washington, 466 U.S. at 668,104 S.Ct. 2052.
 {¶ 16} The Strickland test requires an appellant to prove, first, that his trial counsel was deficient, and, second, that this deficiency prejudiced his case. See State v. Sheppard, 91 Ohio St.3d 329,2001-Ohio-52, 744 N.E.2d 770, citing State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
 {¶ 17} Because of the difficulties inherent in determining whether a lawyer's performance was deficient in any given case, a strong presumption exists that a licensed attorney is competent, and that his conduct fell within the wide range of reasonable, professional assistance. See State v. Bradley, 42 Ohio St.3d at 142,538 N.E.2d at 380.
 {¶ 18} We now turn to appellant's specific argument that his trial counsel should have sought a competency hearing.
 {¶ 19} R.C. 2945.37(B) provides, "In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion."
 {¶ 20} "A defendant is competent to stand trial if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and if he has a rational and factual understanding of the proceedings against him." State v. Bevins, 1st Dist. Nos. C-010316, C-010317, 2002-Ohio-1975; see, also, State v. Berry
(1996), 72 Ohio St.3d 354, 359, 650 N.E.2d 433, quoting Dusky v. UnitedStates (1960), 362 U.S. 402, 403, 80 S.Ct. 788.
 {¶ 21} In his brief before this Court, appellant asserts that certain portions of the transcript from his jury trial demonstrate his incompetence to stand trial and the resulting need for his trial counsel to seek a competency hearing. Specifically, appellant refers to portions of the testimony from Trooper Chad Neal of the Ohio State Highway Patrol, who investigated the crash scene. Trooper Neal testified that "there was a hole in the windshield where [appellant's] head went through it," and that appellant was hospitalized for "at least a month, maybe two."
 {¶ 22} In addition to this testimony, appellant asserts that trial counsel's own statements during closing arguments and the sentencing hearing indicate that appellant may have been incompetent to stand trial. For instance, trial counsel indicated that appellant had serious medical problems that resulted from the accident and may continue to afflict him.
 {¶ 23} We are unconvinced by appellant's assertions. The testimony and statements by trial counsel are insufficient to show that appellant's trial counsel was deficient in his performance by not requesting a competency hearing. The trooper's testimony and trial counsel's statements indicate that appellant was seriously injured in the collision and that he may have some lingering ailments resulting from those injuries. There is no indication either during trial counsel's closing argument or through the testimony, that the appellant lacked the ability to consult with his lawyer with a reasonable degree of rational understanding, or that he lacked a rational and factual understanding of the proceedings against him.
 {¶ 24} Accordingly, we cannot find that appellant's trial counsel was deficient in his performance.
 {¶ 25} Therefore, we overrule appellant's First Assignment of Error.
 II. Consecutive Sentences {¶ 26} In his Second Assignment of Error, appellant argues that the trial court erred by imposing consecutive sentences because it failed to make the requisite statutory findings.
 {¶ 27} In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for the imposition of consecutive sentences upon the offender. See R.C. 2929.19(B)(2)(c); Statev. Martin, 140 Ohio App.3d 326, 2000-Ohio-1942, 747 N.E.2d 318; State v.Brice (June 9, 1999), Lawrence App. No. 98CA24.
 {¶ 28} First, R.C. 2929.14(E)(4) requires that before imposing consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. See R.C. 2929.14(E)(4). Second, the trial court must then find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. See id. Third, the trial court must also find that at least one of the three factors listed in R.C. 2929.14(E)(4)(a)-(c) applies. See id.
 {¶ 29} Furthermore, these findings must be affirmatively set forth in the record. See State v. Finch (1998), 131 Ohio App.3d 571,723 N.E.2d 147. "The record `must contain some indication, by use ofspecific operative facts, that the court considered the statutory factors in its determination.'" (Emphasis sic.) State v. Volgares (May 17, 1999), Lawrence App. No. 99CA6, quoting State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-8. "The trial court's findings and reasoning need not appear in the judgment entry, although we have suggested this as the best practice." State v. Martin, 140 Ohio App.3d 326, 334, 2000-Ohio-1942,747 N.E.2d 318; see, also, Volgares, supra.
 {¶ 30} In the case sub judice, the trial court made the following findings during at the sentencing hearing:
 {¶ 31} "The Court also finds that consecutive service of sentences is necessary to protect the public from future crime and to punish the defendant, and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and of the danger the defendant poses to the public. The Court finds that the harm caused by these offenses was so great that no single prison term for any of the offenses committed as a part of this course of conduct adequately reflects the seriousness of the defendant's conduct. Further, your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you. * * * I note the severe physical harm that was caused to both victims in this matter. I note your not very good [sic] criminal record in this case and prior to the date of this offense."
 {¶ 32} In its judgment entry, the trial court essentially repeated its findings.
 {¶ 33} The trial court has clearly set forth its rationale and reasons for imposing consecutive sentences. First, the trial court found that appellant's criminal record, which included criminal trespass, driving without an operator's license, drug possession, and violating a temporary protection order, necessitated consecutive sentences. Further, the characterization of appellant's offense as a third-degree felony was based on the fact that he had previously been convicted of vehicular homicide.
 {¶ 34} Second, the trial court found that the harm caused by appellant's conduct was so great that it too necessitated the imposition of consecutive sentences. Although the trial court made only a general reference to the extent of the harm suffered by the victims, this was adequate, considering the extensive and apparent injuries the victims suffered, and it was unnecessary for the trial court to discuss in full detail the nature of the victim's injuries.
 {¶ 35} Accordingly, we find that the trial court complied with R.C. 2929.14(E)(4) and made the proper findings when it ordered that appellant serve his sentences consecutively. Appellant's Second Assignment of Error is overruled.
 Conclusion {¶ 36} Therefore, appellant's assignments of error are overruled in toto, and we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment and Opinion.